### EDWARDS v. RAILROAD COMPANY.

1. In action by consignee to recover damages for non-delivery of freight, plaintiff's witnesses may prove facts within their own knowledge, showing the condition of management at the depot of delivery, and what passed between the conductor and consignee at the time of arrival.
2. In such action it was error to permit amendment at the trial, alleging non-delivery of other goods, without giving defendant time to answer.
3. Goods having been shipped by railroad prepaid to consignee, who refused to receive them as railroad agent, upon the ground that he was no longer agent, whereupon the goods were taken to another station and lost—the carrier is liable.

Before PRESSLEY, J., Darlington, March, 1889.

This was an action commenced by A. F. Edwards against The Cheraw & Darlington R. R. Company on August 16, 1885. Before trial had, plaintiff died, and Elizabeth S. Edwards, his administratrix, was substituted as plaintiff.

O. H. Edwards, a witness for plaintiff, testified that he was a son of A. F. Edwards; lives at Palmetto station; is unmarried; was attending to his father's farming business and handling the supplies. Knows when his father made out the bill (bill lost); had nothing to do but let his father know when the goods were out. This was the case 1 April, 1885. He then let his father know that he was out of farm supplies. His father then ordered the bill in question; goods never received. In consequence of not getting the goods, had to make another order to Charleston. Had to come to Darlington and buy corn and meat. Had to get supplies at Darlington for farm until second order came. When these goods (second order) came, had to go to Florence for them. There was no agent at Palmetto; no freight being delivered there to any one at the time father ordered second bill. This state of things continued a good while over one year.

This testimony was objected to by counsel for defendant. Objection overruled.

It was admitted that if Dave Gardner were present, he would swear that he was present when the freight was carried to Palmetto, and that substantially the following took place, or was said

by and between A. F. Edwards and J. E. Johnson, conductor of the train :

"On April 2nd, 1885, freight conductor announced freight. When I asked if it was shipped in March, he replied April. I then stated that I was not agent after April 1st, and could not as such receive it. Then he said it was freight for A. F. Edwards; who is that? I replied that is my name, and that he must do with it as the R. R. required of him. He said that he always delivered the freight at the prepaid stations and carried on the bill. I replied that I did not recognize that as a prepaid station, when he said, 'I will carry the freight on to Darlington and telegraph for instructions.' "

This testimony was admitted subject to the legal objection by defendant as to its competency, on the ground that the statement of the conductor was not binding on the railroad company.

Other matters are stated in the opinion of this court.

*Messrs. J. T. Barron* and *E. K. Dargan*, for appellant.

*Mr. B. W. Edwards*, contra.

February 19, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. This action originally embraced two causes of action, but at the trial the first was eliminated. It therefore needs no consideration here. The second cause upon which the trial was had was for an alleged failure on the part of the defendant corporation, as a common carrier, to deliver to the plaintiff's intestate a certain bill of goods at a station known as "Palmetto," on the road of defendant, to wit, "one tierce of hams, one box of bacon, two barrels of flour, and ten sacks of corn, worth one hundred and fifty dollars," which had been shipped from Charleston to plaintiff's intestate, to be delivered at Palmetto, the freight prepaid, to his damage $200. The case was referred to a referee, and at the trial before him the plaintiff moved to amend the complaint by inserting a claim for an additional 10 sacks of corn, omitted in the complaint by an oversight, as alleged. The referee refused this motion on the ground that the trial had commenced, and the defendant stating that it

was prepared to meet only the claim as found in the complaint. The trial then proceeded, without the amendment, on the question of the liability of the defendant for the non-delivery of the goods, as mentioned in the complaint.

It seems that Palmetto station had been originally established at the instance of the intestate, and he had moved to it, and had been the agent there. Some disagreement, however, arose between him and the defendant, and this station was abolished as a regular depot, and retained as a "prepaid station," the intestate's agency having been dispensed with. During this state of things, the goods in question were shipped by intestate's factor from Charleston to him at Palmetto, with freight prepaid, as required for such a station. A receipt of the railroad company was introduced for 10 bags of corn, consigned to A. F. Edwards, the intestate, at Palmetto; and also a receipt for the hams, bacon, and flour mentioned in the complaint; and a second receipt for "ten sacks of corn more" was offered but refused, because the amendment to the complaint moved for, and which was intended to embrace these "ten sacks more," had been ruled out. It appears that the goods were carried to Palmetto on the 2nd of April, and there offered to Mr. Edwards, who was present on the arrival of the train; the conductor opening the car, and telling Edwards that he had freight for him. Edwards asked if it was March freight, stating that he had been removed as agent on the 1st of April against his wishes. The conductor replied that it was April freight. Edwards then said he could not receive it, and that the conductor would have to do with it as the company directed. The conductor said that his instructions were to deliver freight to prepaid stations, and to carry on bill to next regular station. Edwards said that he did not recognize that Palmetto was a prepaid station. The conductor replied that he would carry the goods on to Darlington, and await instructions. The goods were carried on to Darlington, and there perished, or at least were never delivered to Edwards.

Upon this testimony, the referee found that it was the fault of Edwards that the goods were lost to him, and he held that the defendant was not liable; ordering and adjudging that the defendant have judgment for costs. The report of the referee was

excepted to by both plaintiff and defendant, upon the hearing of which his honor, Judge Pressley, adjudged that the referee erred in refusing to amend the complaint by inserting "twenty" instead of "ten" sacks of corn, and he then allowed the amendment. He further adjudged that the defendant did not make delivery of the freight as the contract required, and he ordered that the report of the referee be reversed, and that the plaintiff have judgment for the amount of $142.15, and interest thereon from the 2d day of April, 1885, amounting in the whole to $181.50 and costs. This included the "ten sacks of corn more."

From this judgment the defendant appealed upon exceptions which question, *first*, the admission of the testimony of two witnesses, to wit, O. H. Edwards and Dave Gardner; *second*, his honor's findings of fact in certain particulars; *third*, because he allowed the amendment, and gave judgment for the additional 10 sacks of corn, without any evidence to sustain the charge; and, *fourth*, that he reversed the holding of the referee as to the liability of the defendant upon the facts as proved. The exceptions will be found in the "Case."

We know of no legal ground upon which the testimony of the witnesses named could have been excluded. They testified as to facts, &c., which came under their own observation, and which were more or less relevant. At least, irrelevancy was not so plain as to demand the exclusion of this testimony.

As to the amendment, we think his honor erred, both in allowing the amendment at that stage of the case, and proceeding to decree upon it without giving the defendant time to answer, and without testimony as to the "ten sacks of corn more," other than that which had been excluded by the referee. The amendment allowed here went beyond section 194 of the Code in allowing an additional cause of action, to the extent of a new item, other than the cause sued upon; thereby changing or adding to the original cause at the trial, without giving defendant time to answer.

As to the liability of the company, we concur in the ruling of the Circuit Judge. The contract of the defendant was to deliver the goods at Palmetto, prepaid freight. Here the freight was prepaid, and the defendant, as a common carrier, could not shield itself from such delivery, except on account of an act of God or

that of a public enemy, neither of which prevented this delivery. It is true that Mr. Edwards declined to receive the goods, but it is apparent that he declined as agent, and not as the consignee. He said if the freight was April freight, he could not take it, as his agency expired with March, and that the conductor should do with it as he was directed. Under these circumstances, we think it was the duty then of the conductor to deliver to the agent, whoever he was, or at least to deliver at that station, subject to the right of the consignee to get the goods there, as in like cases. Having failed to do this, and, instead, in carrying the goods forward to Darlington, where they have perished, the defendant became responsible.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed, provided that the plaintiff remit so much thereof as allows the value of the "ten sacks of corn more," to wit, $16.04½, with interest thereon from the 2d day April, 1885, on the back of said judgment; otherwise that the judgment below be reversed.