18676

T. M. NELSON, Respondent, v. The COLEMAN COMPANY, Inc., Appellant

(155 S. E. (2d) 917)

*J. Edwin Belser, Jr., Esq.,* of Columbia, *for Appellant,*

*Messrs. Thomas E. McCutchen* and *D. Reece Williams, III,* of Columbia, *for Respondent,*

July 10, 1967.

Moss, Chief Justice.

T. M. Nelson, the respondent herein, purchased a new Coleman Oil Burning Floor Furnace, manufactured by The Coleman Company, Inc., the appellant herein, from its authorized dealer in St. Matthews, South Carolina. The said furnace was installed in the dwelling house of the respondent by said dealer between 12:00 o'clock noon and 2:00 o'clock P. M. on December 12, 1962. Some sixteen hours after such installation, the said furnace emitted sparks and flame into the house, destroying the said dwelling and its contents.

The respondent instituted this action, based on the alleged negligence of the appellant, to recover damages to the household effects, clothes and personal property and equipment destroyed by said fire. It was alleged in the complaint that the fire which destroyed the personal property of the respondent was caused by a defective fuel valve regulator in the furnace which could or should have been discovered by proper inspection and testing. It is stipulated that the fuel valve was manufactured by Automatic Products Company and attached to the outside of the furnace by the appellant as an operating component part of the finished furnace.

The case came on for trial before. The Honorable James Hugh McFaddin, Presiding Judge, and a jury, at the December, 1964, term of the Court of Common Pleas for Cal-

houn County. The appellant offered no testimony or evidence and at the conclusion of the respondent's testimony made motions for a nonsuit and for a directed verdict. These motions were denied and the case submitted to the jury, which returned a verdict in favor of the respondent. The appellant then made a motion for judgment *non obstante veredicto,* or in the alternative, for a new trial, which was refused. The appellant appeals to this court from the refusal of the trial judge to grant the aforesaid motions.

The first question for determination is whether there was any evidence of actionable negligence on the part of the appellant requiring the submission of the case to the jury.

The respondent testified that his residence was equipped with a Coleman Floor Furnace and because of its condition he decided to buy a new Coleman Floor Furnace, identical with his old one. The appellant delivered the new furnace by truck from its Charlotte store and such was installed by the dealer in St. Matthews. The respondent also testified that no one serviced or adjusted the furnace after it was delivered. The person who installed the furnace testified that he made no adjustments on this furnace and it was put in place just as it was received from the appellant.

The respondent offered expert testimony as to the cause of the fire which destroyed his property. The expert witness examined the remains of the respondent's house, including the furnace, in detail. He described the type of furnace involved and the operation of the component parts. This expert witness gave as his opinion that the fire was caused by the malfunctioning of the fuel regulator. He said that the needle valve in the regulator did not fit properly and the valve did not close completely, allowing oil to go into the burner and eventually overflow and burn outside of the furnace. It was his opinion that if this needle valve in the regulator had properly functioned, the fire would not have occurred. This witness also testified that the appellant could have run a series of tests and determined that this needle

valve was defective and such could have been performed before the furnace was shipped out for use. He also, testified that this defect would not be apparent except upon proper tests. The witness testified that the only defective part of the furnace was the fuel valve regulator.

The appellant contends that it purchased the fuel regulator from Automatic Products Company as a complete unit and it had no duty to test and inspect such unit, and its failure so to do would not constitute negligence on its part. It is further asserted that if the appellant had the duty to test and inspect the fuel valve regulator there was no evidence that it failed so to do.

It is generally held that a manufacturer who incorporates into his product a component made by another has a responsibility to test and inspect such component, and that his negligent failure properly to perform such duty renders him liable for injuries proximately caused thereby. The cases supporting this rule are collected in 3 A. L. R. (3d), at page 1024. The above rule is but an application of the general rule that manufacturers have a duty to test and inspect their products.

In *Chaney v. Burgess,* 246 S. C. 261, 143 S. E. (2d) 521, we said:

"While our decisions uniformly state that the so called doctrine of *res ipso loquitur* does not apply in this State, they have with equal uniformity recognized that negligence may be proved by circumstantial evidence as well as direct evidence. And in determining the sufficiency of circumstantial evidence, the facts and circumstances shown are to be reckoned with in the light of ordinary experience and such conclusions deduced therefrom as common sense dictates. Where circumstantial evidence is relied upon to establish liability, the plaintiff must show such circumstances as would justify the inference that his injuries were due to, the negligent act of the defendant, and not leave the question to mere conjecture or speculation."

Considering all of the evidence in the light of the foregoing principles, without the application of the doctrine of *res ipsa loquitur,* we think there was enough to warrant the submission of the issue of negligence to the jury. There was direct evidence that the fire here was caused by the malfunctioning of the fuel regulator and such defect could have been discovered by the appellant by proper inspection and testing. This was *prima facie* evidence of negligence and it was a question for jury determination as to whether a proper inspection would have disclosed the defective condition of the fuel regulator. Under the foregoing facts and circumstances, tested in the light of common experience, a reasonable inference could be drawn that the appellant was negligent in failing to properly inspect and test the fuel regulator and that such negligence was the proximate cause of the destruction of the respondent's personal property by fire. Until such inference is removed by competent evidence the respondent has made out a *prima facie* case against the appellant. It follows that there was no error in refusing the motions of the appellant for a nonsuit, directed verdict and judgment *non obstante veredicto* on the ground that the evidence did not show that the appellant was guilty of negligence.

The second question for determination is whether the trial judge erred in refusing the appellant's motions for a nonsuit and direction of a verdict upon the ground that the appellant had not produced any competent evidence to support a finding of money damages; and that the respondent's testimony affirmatively established that the amount of $11,-198.20 represented replacement cost of new items and was based upon the opinion and hearsay of others and was thus inadmissible.

The jury returned a verdict in favor of the respondent for $8,375.00 and we assume that that was the value of the property lost by the respondent in the fire.

There was offered in evidence a complete list of the furniture, wearing apparel and household effects which were destroyed by the fire. The appellant objected to the admission of this list into evidence upon the ground that the wife of the respondent had assisted him in making up such list. The respondent testified that the list correctly reflected the items of furniture, wearing apparel and household effects that were lost in the fire. This made the list admissible over the objection of the appellant. The respondent also testified, without objection, that the reasonable value of the items lost in the first was $11,198.20.

An owner can recover for property destroyed or damaged by fire such damages as will restore him to the same property status that he occupied before his property was burned. *Hall v. Seaboard Airline Ry. Co.,* 126 S. C. 330, 119 S. E. 910, 33 A. L. R. 292. Recovery may be had for the loss or destruction of property even though it has no actual market value, in which case the owner is entitled to recover its actual or reasonable value, or its special value to him. 25 C. J. S. Damages § 88, page 971. Household goods and wearing apparel in the owner's possession differ from many other items of personal property. They are often more personal to the owner in the sense that another item of equal age, quality, and condition is not interchangeable, in the opinion of the owners generally, with the item damaged or destroyed. Thus, awarding the secondhand market value is not adequate compensation to the owner. In these cases, courts do not limit damages to secondhand market value, but allow the owner to recover either the actual value of the item or its value to the owner, excluding any fanciful or sentimental value which the owner may place on the item. 22 Am. Jur. (2d), Damages, Sec. 150, page 218. An estimate as to value of his property may be stated by the owner of household goods, wearing apparel and personal effects. 2 Jones on Evidence, 4th Ed., Sec. 386, page 728; 3 Wigmore on Evidence, 3rd Ed., Sec. 716, page 48. In the case of *Howell v. State Highway Department,* 167

S. C. 217, 166 S. E. 129, we held that it was proper for a landowner to give his estimate of the total amount of damages sustained by him on the taking of his land for a road, cutting down a bank, destruction of trees, and depreciation in value of his remaining property. Certainly, if it was proper for the owner of land to estimate the total amount of his damages, the same rule accords the owner of personal property the right to give his estimate as to the value thereof. We think it was proper for the respondent to give his estimate of the reasonable value of his personal property lost in the fire. It follows that since there was testimony in the record as to the reasonable value of the property lost by the respondent, it was proper for the trial judge to refuse the several motions of the appellant upon the grounds stated.

The expert witness for the respondent testified that the fuel regulator which was manufactured by Automatic Products Company was defective to the extent that it would not cut off and that such caused the fire. On cross examination of this witness he was asked the question, "Is it customary in the trade for the manufacturer of these regulators to test them after they are manufactured?" The trial judge sustained the respondent's objection to the aforesaid question. However, the following testimony was allowed immediately thereafter:

"Q. Do you know what is the custom of the manufacturers after manufacturing these regulators, before they ship them out?

"A. The regulator manufacturers, what their custom is?

"Q. Yes.

"A. No, sir."

The appellant charges the trial judge with error in refusing to allow an answer to the first question above quoted. The error, if any, in his ruling was harmless because the witness was permitted to answer a question of like import and his answer thereto was that he did not know what the custom of the manufacturers of these regulators was as to testing. We have held that an error in excluding evidence is

harmless where it is admitted at another time and in another form. *Youngblood v. South Carolina & G. R. Company,* 60 S. C. 9, 38 S. E. 232. Even if there was error in sustaining the objection to the question as asked it was harmless as the witness on cross examination distinctly admitted that he did not know what the custom was. *Hampton v. Ray,* 52 S. C. 74, 29 S. E. 537.

The appellant complains that the trial judge committed error in denying the appellant's motions for judgment *non obstante veredicto* or in the alternative for a new trial in holding that a manufacturer shown not to have tested or inspected his product will not be held free of negligence in failing to test or inspect merely because there is proof that no tests or inspections have been conducted by other manufacturers in the same industry. The error asserted by the appellant being that there is no evidence that the appellant failed to test or inspect the fuel regulator manufactured by Automatic Products Company. What we have heretofore said disposes of this question.

The record shows that the appellant offered no evidence in its behalf, Counsel for the respondent, in his argument to the jury, commented upon the failure of the appellant to produce witnesses or offer testimony. The appellant objected and charges error on the part of the trial judge in permitting such argument. We have held in a number of cases that it is proper for counsel to comment on the fact that the defendant has not taken the stand or offered testimony. It would be error in a criminal case so to do but not in a civil case. *Dutton v. Atlantic Coast Line Ry. Co.,* 104 S. C. 16, 88 S. E. 263; *Cheraw Motor Sales Co. v. Rainwater,* 125 S. C. 509, 119 S. E. 237, and *Powell v. Drake,* 199 S. C. 212, 18 S. E. (2d) 745. The exception posing the aforesaid question is without merit.

It is well settled in this state that if a party fails to produce the testimony of an available witness on a material issue in the cause, it may be inferred that such testimony, if presented, would be adverse to the party

who fails to call the witness. *Matthews v. Porter,* 239 S. C. 620, 124 S. E. (2d) 321. The appellant here asserts the incorrectness of the judge's charge because he left out the requirement that the witness be "available". It is contended that such omission was highly prejudicial to the appellant's case.

At the conclusion of his charge, the trial judge temporarily excused the jury and gave counsel the opportunity to express objections to the charge or request additional instructions, as required by Section 10-1210 of the 1962 Code of Laws. The appellant objected to the charge in these words: "We do not think that was proper". The appellant made no request for any amplification of the charge as made nor did he request any clarification by reason of the omission of the judge to use the word "available". It was incumbent upon the appellant to call to the court's attention his failure to use the words "available witness" rather than simply using the word "witness". The appellant is, therefore, not in position to now complain. *G. A. C. Finance Corp. v. Citizens & Southern Nat. Bank,* 234 S. C. 205, 107 S. E. (2d) 315; *Tate v. LeMaster,* 231 S. C. 429, 99 S. E. (2d) 39; *Brown v. Hill,* 228 S. C. 34, 88 S. E. (2d) 838; *Dudley Trucking Co. v. Hollingsworth,* 243 S. C. 439, 134 S. E. (2d) 399. In the last cited case this court said: "The duty rested upon counsel to call to the attention of the court the omission now complained of, and the failure to do so constituted a waiver thereof." The exception of the appellant posing this question is overruled.

The judgment of the lower court is affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.