21985

Vicki Lee WAITES and Belva Waites, Respondents-Appellants, v. SOUTH CAROLINA WINDSTORM AND HAIL UNDERWRITING ASSOCIATION, Appellant-Respondent.

(307 S. E. (2d) 223)

*Thornwell F. Sowell, III*, of *Nelson, Mullins, Grier & Scarborough*, Columbia, *for appellant-respondent.*

*James P. Stevens, Jr., George M. Hearn, Jr.,* and *Kaye Gorenflo Hearn*, Loris, *for respondents-appellants.*

September 12, 1983.

LITTLEJOHN, Justice:

This action was brought by the Respondent-Appellants, Vicki Lee Waites and Belva Waites (Insureds), for windstorm and rain damages to their beach house. They claim under a policy of insurance issued by the Appellant-Respondent, South Carolina Windstorm and Hail Underwriting Association (Association). In addition to property damages, the Insureds sought, but were denied, attorney fees and prejudgment interest. A jury returned a verdict in favor of the Insureds. Both the Association and the Insureds have appealed. The Association submits that the trial judge should

have directed a verdict or granted judgment notwithstanding the verdict or granted a new trial based largely on admissibility of evidence. It also alleges that the Insureds failed to exhaust administrative remedies. The Insureds submit that the trial court erred in failing to award attorney fees and in failing to award prejudgment interest. We affirm.

Inasmuch as rain and windstorm insurance is difficult to procure, the General Assembly, through Chapter 39 of Title 38, created the South Carolina Windstorm and Hail Underwriting Association. The Association consists of all private insurers authorized to write and engage in writing property insurance. It is a legal entity and the equivalent of an insurance company writing windstorm and rain damage coverage for beach property. It creates a facility through which windstorm and hail insurance may be obtained to cover coastal area properties in South Carolina. Claims may be pursued with the Association as with any ordinary insurance company. Administrative remedies are provided and the use of these remedies brings forth one of the issues on appeal.

The Association alleged in its answer that the Insureds failed to exhaust administrative remedies set forth in S. C. Code Ann. 38-39-110 (1976). The trial court later struck that defense on the ground that the language of Code § 38-39-110 is not mandatory.

Code § 38-39-110 provides in part:

> Any person insured pursuant to this chapter, or his representative, or any affected insurer, who may be aggrieved by an act, ruling, or decision of the Association, *may*, within thirty days after such ruling, appeal to the Commission. Any hearings held by the Commission pursuant to such an appeal shall be in accordance with the procedure set forth in the insurance laws of South Carolina. Provided, however, the Commission is authorized to appoint a member of its staff for the purpose of hearing such appeal and a ruling based upon such hearing shall have the same effect as if heard by the Commission. (Emphasis added.)

The Association urges this Court to interpret the word "may" to mean "shall". To support its contention, the Association cites the overall scheme of Chapter 39 to create a

special entity to be carefully supervised by a specialized administrative body.

We find nothing in the statute to indicate an intent on the part of the legislature to force the Insureds to pursue an administrative remedy. We agree with the trial court's ruling that the legislature used the word "may" in the statute as permissive and not mandatory. Certainly, there was no intent to deny insured persons the right to a jury trial. The exception is without merit.

The Association next argues that the evidence submitted by the insureds was insufficient to create a jury issue. We disagree. We cannot say that there is no evidence for a jury to consider. This Court is concerned not with the weight of the evidence, but with whether there is any evidence from which a jury is warranted in making a finding. The exception is without merit.

Lastly, the Association argues that the trial judge erred in refusing to grant a new trial. It submits that the judge erred: (1) in allowing in evidence a letter; (2) in allowing Mrs. Waites to give her opinion; and (3) in failing to charge a requested instruction to the jury.

As indicated hereinabove, the Association alleges as one of its defenses a failure to exhaust administrative remedies. This defense created an issue as to whether the Insureds had appealed to the Insurance Commission within the thirty day time limit referred to in Code § 38-39-110, quoted above. In refutation of this defense, the judge permitted Insureds to introduce into evidence a letter dated June 27, 1979, from an employee of the Department of Insurance to a senior loss analyst of the Association, in an attempt to prove notice to the commission of their intent to take further action. While the contents of the letter were not admissible for the purpose of proving the facts therein stated, we think that the letter was admissible as evidence of an attempt to comply with the statute.

"Where, regardless of the truth or the falsity of a statement, the fact that it has been made is relevant, the hearsay rule does not apply, but the statement may be shown." 31A C.J.S. *Evidence* § 239, p. 645, and cases cited therein. *See also, Player v. Thompson*, 259 S. C. 600, 193 S. E. (2d) 531 (1972). We hold that the letter of June 27th constituted an independently relevant statement to which the hearsay rule does not apply.

Next, the Association argues that Mrs. Waites was improperly allowed to give her opinion as to the amount of damages incurred to her property. It is the well-settled law of this state that an owner may testify as to the value of damaged real and personal property. *See, Nelson v. Coleman Co.,* 249 S. C. 652, 155 S. E. (2d) 917 (1967); *Howell v. State Highway Department,* 167 S. C. 217, 166 S. E. 129 (1932). In *Howell,* the landowner was permitted to testify as to the amount by which his remaining land had depreciated as a result of the Highway Department's condemnation of a portion of his land to build a road. The exception is without merit.

The Association's final argument for a new trial is that the trial court erred in failing to instruct the jury that the measure of damages was restricted by the terms in the insurance contract "to the extent of the actual cash value of the property at the time of the loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality. . . ."

We have previously held that, ". . . an alleged error in a portion of a charge must be considered in light of the whole charge, and must be prejudicial to the appellant to warrant a new trial. *Smith v. Winningham,* 252 S. C. 462, 166 S. E. (2d) 825 (1969)." *Priest v. Scott,* 266 S. C. 321, 223 S. E. (2d) 36, 38 (1976).

Our review of the record indicates that the verdict returned by the jury is consistent with the Association's requested charge. The Association has made no showing of prejudice and we find none. The exception is overruled.

The Insureds submit that the trial judge erred in denying attorney fees under Code § 38-9-320 (1976). We are of the opinion that the legal and factual issues were in dispute such that the action of the Association cannot be said to have been ". . . without reasonable cause or in bad faith . . ." as contemplated by the statute.

Under the facts of this case, we agree with the lower court that prejudgment interest was not proper.

All exceptions are overruled and the judgment of the lower court is

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.