0609

Ruth H. LANE, Respondent v. Robert L. BERRY, Jr., and
Carolyn Berry, Appellants.

(339 S. E. (2d) 521)

Court of Appeals

*James C. Cothran, Jr.,* of *King & Cothran,* Spartanburg,
*for appellants.*

*William C. Lyles* and *Frank A. Lyles,* of *Lyles, Lyles &
Hammett,* Spartanburg, *for respondent.*

Heard Nov. 18, 1985.

Decided Jan. 20, 1986.

CURETON, Judge:

In this claim and delivery action the appellants, Robert and Carolyn Berry, appeal from an order in favor of the respondent, Ruth Lane. We affirm in part, reverse in part and remand.

Ruth Lane is Carolyn Berry's mother and Robert Berry's mother-in-law. Mrs. Lane is in her early sixties and has been teaching school or college since Carolyn was about five. Mrs. Berry is in her mid-thirties and she too is a teacher. Her husband is an administration and distribution manager for a manufacturing company.

In August 1973, Mrs. Lane moved from her completely furnished home in Gaffney, South Carolina to Wichita, Kansas where she had accepted a teaching position. She left her daughter in charge of selling her home which was sold in the spring of 1974. The Berrys then collected some of Mrs. Lane's things and shipped them to Wichita. They retained other items for their personal use.

When Mrs. Lane learned that the courses which she had been teaching were not going to be offered, she accepted her daughter's invitation to move into the Berrys' new home. She brought all of her furniture and other household goods with her when she returned to the state in May 1980. Some of these things were sold at a garage sale in June 1980. During this month Mrs. Lane transferred fifteen hundred dollars ($1500) to her daughter. Beginning July 1980 Mrs. Lane also gave the Berrys one hundred fifty dollars ($150) each month for room and board.

By May 1981 the parties' relationship deteriorated. Mrs. Berry committed her mother to a mental institution which released her after four days. Upon her release, the Berrys refused to allow Mrs. Lane to return to their home and to take away any of her belongings. Mrs. Lane then moved to Knoxville, Tennessee to live with her sister. In late June 1981 Mrs. Lane returned to South Carolina to pick up her clothing and property which had been placed in a storage warehouse by the Berrys.

In July 1981 Mrs. Lane brought this claim and delivery action[1] and attached a long list of items which she wanted to recover. Upon agreement of the parties this matter was heard by a master-in-equity who after Mrs. Lane posted a one hundred thousand dollar ($100,000) claim and delivery bond, issued an order dated November 5, 1981 directing the Berrys to return the items listed in the complaint to Mrs. Lane. She picked up the items on March 2, 1982 and while inside the Berrys' home noticed many additional items which she claimed to be hers. There is no evidence that Mrs. Lane made her claim to these items known to the Berrys prior to trial.

The trial of this matter was conducted on March 2, 3 and 4, 1983. Mrs. Lane was permitted to testify regarding both the ownership of the items listed in her complaint and items which she saw in the Berrys' home in March 1982. She also gave her opinion about the value of the disputed items. She denied making a fifteen hundred dollar ($1500) gift to Mrs. Berry and denied giving her possessions to the Berrys. At the close of Mrs. Lane's case, her counsel made a motion to amend the complaint by expanding the already substantial list of items claimed by Mrs. Lane. The Berrys' objection to the amendment was overruled. The Berrys testified to the effect that Mrs. Lane gave them many of the disputed items and that others were wedding gifts or items which they had purchased.

Ultimately the trial court found that Mrs. Lane did not give her furniture and other property to the Berrys; that the June 1980 transfer of fifteen hundred dollars ($1500) to Mrs. Berry was a loan and not a gift; and that Mrs. Lane was entitled to recover consequential damages of seventeen hundred sixty dollars ($1760).

The Berrys argue that the trial court erred in (1) allowing Mrs. Lane to amend her pleadings during the trial; (2) directing the return of the majority of the listed property to Mrs. Lane,[2] (3) requiring the Berrys to pay Mrs. Lane for the

---

[1] She also brought an action for assault and battery and wrongful eviction. At trial, these claims were resolved in favor of the Berrys.

[2] The trial judge's order noted that some of the items which Mrs. Lane claimed were in fact the Berrys' wedding gifts. His order does not require these items to be turned over to Mrs. Lane.

cost of items which they claim they cannot return because they are not in their possession; (4) determining the fifteen hundred dollars ($1500) to Mrs. Berry was a loan and not a gift; and (5) requiring the Berrys to pay Mrs. Lane's consequential costs of litigation. We agree with the Berrys' argument concerning the amendment of Mrs. Lane's pleadings. However, we affirm the resolution of the other issues in Mrs. Lane's favor.

We hold that the trial judge erred in permitting Mrs. Lane to amend her complaint at the close of her case by claiming ownership of numerous items not listed in the original complaint.

> In furtherance of justice, the court may amend any pleading, before or even after judgment, by inserting other material allegations. It may also do so when the amendment does not substantially change the claim or defense and conforms the pleading to the facts proved. S. C. Code Ann. Section 15-13-920 (1976).
>
> Courts have wide latitude in amending pleadings and, while this power should not be exercised indiscrimately or to surprise or prejudice an opposing party, the matter of allowing amendments is left to the sound discretion of the trial judge. His decision will not be overturned absent an abuse of discretion or unless manifest injustice has been done.

*Mylin v. Allen-White Pontiac, Inc.*, 281 S. C. 174, 180, 314 S. E. (2d) 354, 357 (Ct. App. 1984).

> Here the amendment of the pleadings adding a substantial list of items enlarged the plaintiff's claim and allowed the defendants no opportunity to prepare a defense regarding the added items. The injustice to the Berrys is plain. They were not afforded any time to gather any documentary evidence or to prepare testimony concerning the items with which Mrs. Lane surprised them by claiming at trial. *See Edwards v. Cheraw & Darlington Railroad Co.*, 32 S. C. 117, 120, 10 S. E. 822, 824 (1890) (circuit court erred by allowing the amendment of pleadings which changed or added to the original cause). Moreover, according to Mrs. Lane's testimony she was reminded that she owned these items one year before the trial when she collected her

other things from the Berrys' home. *Cf. Industrial Welding Supplies Inc. v. Atlas Vending Co.*, 276 S. C. 196, 199, 277 S. E. (2d) 885, 886-87 (1981) (It is error to refuse an amendment to a complaint where there was no showing of "neglectful or dilatory tactics ... [or] any basis for a claim ... of prejudice by surprise.").

We now turn to the other issues on appeal.

A claim and delivery action is an action at law. *Haverty Furniture Co. v. Worthy*, 241 S. C. 369, 373, 128 S. E. (2d) 707, 709 (1962). On appeal of an action at law tried without a jury, the findings of fact of the trial judge will not be disturbed unless found to be without evidence which reasonably supports the judge's findings. *Townes Associates, Ltd v. City of Greenville*, 266 S. C. 81, 86, 221 S. E. (2d) 773, 775 (1976). There is evidence in the record which would allow the trial judge to find that Mrs. Lane owned the disputed items, that she did not make gifts of these things to the Berrys and that these items had specific values. Mrs. Lane testified as to both her ownership and to the value of the contested items. *Cf. Waites v. South Carolina Windstorm and Hail Underwriting Association*, 279 S. C. 362, 366, 307 S. E. (2d) 223, 225 (1983) (owner may testify as to the value of damaged real or personal property). Therefore, we affirm the trial judge's requiring the Berrys to either return the items listed in the attachment to the complaint (not including the items expressly found to be their wedding gifts) or paying to Mrs. Lane the value of items which they are unable to locate. *See* Section 15-69-210, 1976 Code of Laws of South Carolina ("In an action to recover possession of personal property judgment for the plaintiff may be for the possession, for *the recovery of possession or for the value thereof* in case a delivery cannot be had and for damages, both punitive and actual, for the detention.") (emphasis added).

Mrs. Lane testified that in June 1980 she made a fifteen hundred dollar ($1500) loan to her daughter. She stated that this sum had not been repaid and that it was not intended as a gift. There is thus evidence in the record in support of the trial judge's finding that the money was a loan which Mrs. Berry had not repaid. We affirm the trial judge's requiring Mrs. Berry to repay this loan.

The trial judge also required the Berrys to pay a total of seventeen hundred sixty dollars ($1760) as consequential damages to Mrs. Lane. We have grave doubts about the propriety of this award in view of *Loeb v. Mann*, 39 S. C. 465, 18 S. E. 1 (1893). However, we need not decide this issue because during oral argument Mrs. Lane's counsel waived her claim to this aspect of the trial judge's award.

For the foregoing reason the order of the trial judge is affirmed in part, reversed in part, and remanded.

SANDERS, C. J., and CHANDLER, J., concur.