22872

David DOTY and Joan Doty and Nationwide Mutual Fire Insurance Company, Respondents v. PARKWAY HOMES COMPANY and Country Squire Mobile Homes, Appellants.

(368 S. E. (2d) 670)

Supreme Court

*D. Cravens Ravenel* of *Belser, Baker, Barwick, Ravenel, Toal & Bender,* Columbia, *for appellant Parkway Homes Co.*

*Thomas B. Bryant, III,* of *Bryant, Fanning & Yarborough,* Orangeburg, *for appellant County Squire Mobile Homes.*

*Richard M. Kennedy, Jr.,* and *George L. Dial, Jr.* both of *Kennedy, Price & Dial,* Columbia, *for respondents.*

Heard March 21, 1988.

Decided May 23, 1988.

GREGORY, Chief Judge:

This is an action to recover damages for breach of an implied warranty of merchantability. In June 1984, respondents (the Dotys) purchased a $45,000 mobile home that was manufactured by appellant Parkway and sold to them by its dealer appellant Country Squire. In February 1985, the mobile home was destroyed by fire. The Dotys recovered insurance proceeds from respondent Nationwide. Respon-

dents then commenced this suit against Parkway and Country Squire to recover actual and consequential damages. The jury returned a verdict of $80,000. We reverse and remand for a new trial.

Appellants contend they were entitled to a directed verdict because respondents did not present evidence the mobile home was defective when it left the seller's possession.

S. C. Code Ann. § 36-2-314(1) (1976) provides that a warranty of merchantability is implied in a contract for the sale of goods if the seller is a merchant with respect to goods of that kind. Goods to be merchantable must be fit for the ordinary purposes for which such goods are used. S. C. Code Ann. § 36-2-314(2)(c) (1976). A plaintiff may establish a breach of this implied warranty by circumstantial evidence. *Cohen v. Allendale Coca-Cola Bottling Co.*, 291 S. C. 35, 351 S. E. (2d) 897 (Ct. App. 1986). It is sufficient if the plaintiff presents evidence from which it can be reasonably inferred that the goods were defective at the time the sale was completed. *Id.*

Respondents presented testimony through expert witnesses that the fire was caused by a defective wire running from a panel box in the mobile home to the outlet where the clothes dryer was connected. No evidence was presented that this wiring was altered while the mobile home was in the Doty's possession. From the evidence it can be reasonably inferred the electrical wiring in the mobile home was defective at the time the sale was completed. The trial judge properly denied the motion for directed verdict on this ground. *Holloman v. McAllister*, 289 S. C. 183, 345 S. E. (2d) 728 (1986).

Appellants contend they were entitled to a directed verdict on the issue of consequential damages because the Dotys did not present sufficient evidence of the value of the contents of the mobile home.

Consequential damages are recoverable in an action for breach of warranty. S. C. Code Ann. § 36-2-715(2)(b) (1976). It is proper for an owner to estimate the reasonable value of his household goods in an action to recover damages. *Nelson v. Coleman Co.*, 249 S. C. 652, 155 S. E. (2d) 917 (1967). Mr. and Mrs. Doty testified they undertook a mental inventory of the contents of each

room and referred to mail order catalogues to estimate values when needed if the items were replaceable. Several items were recently purchased and the Dotys provided the purchase prices for these goods. This evidence was sufficient to submit the value of the contents of the mobile home for the jury's consideration.

Appellants claim they were entitled to a directed verdict because respondents failed to present evidence of proximate cause. Appellants claim the electrical work by an electrician hired by the Dotys was the intervening cause of the fire.

The record does not support appellants' argument. The electrician was hired by the Dotys to do the "hook-up" to power lines when the mobile home was first installed. The electrician testified he did not work on the interior wiring that respondents' experts opined was defective. The evidence was sufficient to submit the issue of proximate cause to the jury.

Finally, appellants complain the trial judge erred in failing to charge the jury it could find against one defendant and not the other. While we find no merit in appellant Country Squire's argument on this ground, we agree appellant Parkway was entitled to such a charge.

Evidence was presented at trial that during delivery by Country Squire, the mobile home was severely jostled causing crimping of the electrical wires, a possible cause of the fire. This evidence would absolve Parkway if the jury found Country Squire's delivery was the sole cause of the defect. *See Clayton v. General Motors Corp.*, 277 S. C. 259, 286 S. E. (2d) 129 (1982). Under the facts of this case, we hold the trial judge erred in failing to charge the jury it could find against the dealer and not the manufacturer.

Accordingly, the case is reversed and remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER and FINNEY, JJ., and J. B. NESS, Acting Associate Justice, concur.