THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State,       
Respondent,
 
 
 

v.

 
 
 
Johnnie Settles,       
Appellant.
 
 
 

Appeal From Aiken County
James C. Williams, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-334
Submitted March 26, 2004  Filed 
 May 15, 2003

AFFIRMED

 
 
 
Chief Attorney Daniel T. Stacey, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney 
 General John W. McIntosh and Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Johnnie Settles was indicted 
 for possession of a stolen vehicle.  The jury found him guilty of possession 
 of a stolen vehicle with a value of more than one thousand dollars but less 
 than five thousand dollars. [1] 
FACTS/PROCEDURAL BACKGROUND
Angus Crawford drove his 1992 Ford pickup truck 
 to his childrens grandmothers house.  After visiting for about fifteen minutes, 
 the grandmother asked Crawford where was his truck.  Crawford looked outside 
 and discovered it was gone.  He called 911.  While he was giving a statement 
 to the officers, Crawford saw his truck traveling down the road.  The police 
 officers raced after the truck and were able to recover it.  At trial, Crawford 
 testified as to the value of the truck:

Q.      Would you happen to have an estimate as 
 to the value of that truck?
A.      Its in the $5,500 range.  Thats wholesale 
 value on it.

At the close of the States evidence, Settles moved 
 for a directed verdict based upon his contention that the State has not established 
 the value of the stolen truck at more than $1000 but less than $5000, the only 
 evidence was that the vehicle was worth $5500.  The judge denied the motion.
STANDARD OF REVIEW
In ruling on motions for directed verdict and JNOV, 
 the trial court is required to view the evidence and the inferences that reasonably 
 can be drawn there from in the light most favorable to the party opposing the 
 motions and to deny the motions where either the evidence yields more than one 
 inference or its inference is in doubt.  Creech v. South Carolina Wildlife 
 & Marine Res. Dept, 328 S.C. 24, 29, 491 S.E.2d 571, 573 (1997).  This 
 Court can only reverse the trial court when there is not evidence to support 
 the ruling below.  Id.
LAW/ANALYSIS
Settles appeals, arguing the court erred when it 
 overruled his motion for a directed verdict or in the alternative for a new 
 trial because the indictment required the value of the stolen truck at more 
 than $1000 but less than $5000 and the only evidence presented was that it was 
 worth $5500.
The owner of household goods, wearing apparel and 
 personal effects may state an estimate as to the value of his property.  Nelson 
 v. Coleman Co., 249 S.C. 652, 660, 155 S.E.2d 917, 921 (1967); see 
 Doty v. Parkway Homes Co., 295 S.C. 368, 370, 368 S.E.2d 670, 671 (1988) 
 (It is proper for an owner to estimate the reasonable value of his household 
 goods in an action to recover damages); Waites v. South Carolina Windstorm 
 & Hail Underwriting Assn, 279 S.C. 362, 366, 307 S.E.2d 223, 225 (1983) 
 (It is the well-settled law of this state that an owner may testify as to the 
 value of damaged real and personal property). 
In the case sub judice, the property 
 owner gave an ESTIMATE of the value of the vehicle.  His testimony is 
 only an estimate.  The jury, as the fact-finder in the case, is never required 
 to accept the mathematical estimate testified to by a witness.  The question 
 of the value of the property is always a jury issue.
AFFIRMED.
CURETON, ANDERSON, and HUFF, JJ., concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCACR.