THIS OPINION 
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Centura Bank, Respondent,
v.
Norma J. Cox, Appellant.
 
 
 

Appeal From Florence County
 B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-348
Submitted May 12, 2004  Filed May 25, 
 2004

AFFIRMED

 
 
 
Bradford P. Simpson, B. Randall Dong, and Michael J. 
 Cone, all of Columbia, for Appellant. 
Ray Coit Yarborough, Jr., of Florence, for Respondent.
 
 
 

PER CURIAM:  Centura Bank brought this action 
 against Norma J. Cox for judgment on a note secured by real property.  Cox appeals 
 the trial courts grant of summary judgment to Centura on Coxs counterclaims 
 (1) that the bank failed to timely obtain her attorney preference as required 
 by statute and (2) that the contract was unconscionable.  We affirm. [1] 
BACKGROUND
Cox had an outstanding loan with Centura 
 which was secured by a second mortgage on real estate and, in addition, had 
 several unsecured loans in favor of the bank.  The unsecured loans came due 
 and Cox planned to pay all her debts to Centura from the sale of her real property, 
 which was at that time listed for sale.  Centura offered to renew Coxs unsecured 
 loans if she consolidated all her debt into a loan secured by the real property 
 and payable in six months.  Cox agreed and because she was temporarily physically 
 disabled from a minor auto accident, a Centura employee took the documents to 
 Coxs home for her to sign.  
Cox failed to make the payment on the 
 new note on its maturity date.  When Centura commenced this action more than 
 a year after the note matured, Cox responded alleging the contract was unconscionable 
 and obtained in violation South Carolinas attorney and insurance agent preference 
 statute.  Her real property, valued at $490,000 in the personal financial statement 
 she submitted with her application, was no longer on the market when Cox was 
 deposed.  It remained unlisted throughout the litigation.  Cox explained in 
 her deposition testimony she still intended to sell the property and pay off 
 the note, but wanted to wait until the market would generate a price suitable 
 to her financial needs.  
After a hearing, the trial court granted 
 Centuras motion for summary judgment on Coxs counterclaims.
STANDARD OF REVIEW
The purpose of summary judgment is to expedite the 
 disposition of cases that do not require the services of a fact finder.  Dawkins 
 v. Fields, 354 S.C. 58, 69, 580 S.E.2d 433, 438 (2003).  When reviewing 
 the grant of a summary judgment motion, this court applies the same standard 
 that governs the trial court under Rule 56(c), SCRCP: summary judgment is proper 
 when there is no genuine issue as to any material fact and the moving party 
 is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 
 488, 493, 567 S.E.2d 857, 860 (2002).  
In determining whether any triable issue of fact exists, 
 the evidence and all factual inferences drawn from it must be viewed in a light 
 most favorable to the nonmoving party.  Sauner v. Public Serv. Auth., 
 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003).  Even if there is no dispute 
 as to evidentiary facts, but only as to the conclusions to be drawn from them, 
 summary judgment should be denied.  Pye v. Aycock, 325 S.C. 426, 431, 
 480 S.E.2d 455, 457 (Ct. App. 1997).  Summary judgment is not appropriate when 
 further inquiry into the facts is desirable to clarify the application of law.  
 Tupper v. Dorchester County, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997).
DISCUSSION
I.  The Preference Statute
Cox argues the trial court erred in ruling 
 she failed to establish the attorney and insurance agent preference statute 
 applied and in its alternative finding that Centura satisfied the statute.  
 We disagree with both contentions.

South Carolina Code section 37-10-102 provides:
Whenever the primary purpose of a loan that is secured 
 in whole or in part by a lien on real estate is for a personal, family or 
 household purpose  
(a)     The creditor must ascertain prior to closing 
 the preference of the borrower as to the legal counsel that is employed to represent 
 the debtor in all matters of the transaction relating to the closing of the 
 transaction . . .
The creditor may comply with this section by:
 
(1)        including the preference information on 
 or with the credit application . . . or
(2)        providing written notice to the borrower 
 of the preference information with the notice being delivered or mailed no 
 later than three business days after the application is received or prepared.  

 

S.C. Code Ann. § 37-10-102(a) (2002) (emphasis added).  

Cox argues the court erroneously found she 
 presented no evidence the loaned funds were used for a personal, family, or 
 household purpose and thus erred in concluding the statute was not triggered.  
 Although Cox lived on part of the property she mortgaged, her testimony did 
 not indicate the purpose of the unsecured debt that was restructured.  However, 
 as did the trial court, we assume for the purpose of our analysis that the preference 
 statute applied to this loan and conclude Centura complied with its requirements.
On July 23, 1999, a Centura employee visited 
 Cox at home to prepare her application.  During this visit, the date the application 
 was received or prepared, Cox signed several documents, including the credit 
 application and the attorney and insurance agent preference form.  This evidence 
 establishes Centura ascertained Coxs preference regarding a closing attorney 
 simultaneously with the receipt and preparation of the credit application.  

However, Cox contends a material factual 
 dispute exists regarding the date the application was received and summary judgment 
 was thus inappropriate.  Although she does not dispute signing all of the relevant 
 documents on July 23, Cox asserts this does not prove the date she applied for 
 the loan.  Noting the personal financial statement was dated July 17, Cox argues 
 this indicates Centura provided her with the application before July 23.  
 Relying on this premise, Cox argues there is a factual question whether Centura 
 failed to provide her with preference information within three days of the application.
We doubt the preference statute requires 
 anything more of a creditor than ascertaining a borrowers attorney preference 
 prior to closing.  The specific portion of the section Cox references merely 
 describes one way a lender may comply with the statute.  § 37-10-102(a)(2); 
 see Edge v. State Farm Ins. Co., 345 S.C. 136, 139, 546 S.E.2d 
 647, 648-49 (2001) (concluding when the term may is used, it is meant to be 
 merely permissive and not a requirement).  However, even if Coxs interpretation 
 of the statute is correct, the evidence and factual inferences create no genuine 
 triable issue regarding whether Centura failed to satisfy the statutes requirements.  
 On the contrary, the evidence shows she signed the attorney preference form 
 and the credit application on the same day.
II.  Unconscionability
Cox further argues the trial court erred in failing 
 to fully consider the elements of her unconscionability counterclaim.  She claims 
 the contract was one of adhesion, that she was unsophisticated and naïvely believed 
 she could sell the property for $490,000 within six months, and that the sophisticated 
 Centura took advantage of her limited physical mobility knowing she was in no 
 position to negotiate.  Again, we find summary judgment was properly granted.
A trial court may refuse to enforce or limit 
 enforcement of a consumer credit agreement that was unconscionable when it was 
 made.  See S.C. Code Ann. § 37-5-108(1) (2002).  When making this determination, 
 a trial judge is to consider several factors outlined in section 37-5-108(4). [2]   Here, the court specifically referenced these statutory factors 
 before making extensive findings of fact relating to the question.  The court 
 found, among other things, Cox owns real and personal property that could be 
 sold to reduce the debt, Centura reasonably relied on Coxs assurances she was 
 going to sell the property, the credit contract contains no extraordinary terms, 
 Cox could have easily gone elsewhere to obtain the loan, and Cox specifically 
 noted her auto accident was not a big thing.  See S.C. Code Ann. § 
 37-5-108(1)(b) (any term or part of the agreement or transaction [was] unconscionable 
 at the time it was made); § 37-5-108(4)(a) (belief by the . . . lender at 
 the time a transaction is entered into that there is no reasonable probability 
 of payment); § 37-5-108(4)(e) (the fact that the . . . lender has knowingly 
 taken advantage of the inability of the consumer or debtor reasonably to protect 
 his interests by reason of physical or mental infirmities).  
Unconscionability is the absence of meaningful choice 
 on the part of one party caused by one-sided contract provisions together with 
 terms so oppressive that no reasonable person would make them and no fair and 
 honest person would accept them.  Munoz v. Green Tree Fin. Corp., 343 
 S.C. 531, 541, 542 S.E.2d 360, 365 (2001).  The trial court, correctly citing 
 the statutory factors and several specific facts related to them, determined 
 the credit contract was neither one-sided nor oppressive.  We conclude the trial 
 court properly considered all relevant elements of Coxs counterclaim and correctly 
 concluded the credit contract was not unconscionable as a matter of law.
AFFIRMED.
HEARN, C.J., and STILWELL and HOWARD, JJ., concur.

 
 
 [1]         We decide this case without oral argument pursuant to Rule 
 215, SCACR.

 
 
 [2]        Subsection 4 has been amended since the trial court issued 
 the order on appeal.