0190

Vicki Lucille McKINNEY, Respondent, v. David D. McKINNEY, Appellant.
(316 S. E. (2d) 728)

Court of Appeals

*David Ross Clarke*, Mauldin, *for appellant.*

*James H. Cassidy* of *Robertson & Cassidy*, Greenville, *for respondent.*

June 4, 1984.

SHAW, Judge:

The parties in this action were divorced on April 10, 1980. The divorce decree reserved the matters of child support, alimony and property settlement for a later determination. On March 24, 1981, the respondent — Vicki McKinney filed a petition requesting to have the issues of alimony, child support, attorney's fees and funds for the college education of the parties' only minor child adjudicated. The distribution of the marital property had been settled by the parties.

The Family Court Judge ordered the appellant — David McKinney to pay monthly alimony of $250, child support of $300 per month, and $500 in attorney's fees. Mr. McKinney was also held responsible for the college education of the minor child. Mr. McKinney is contesting only the parts of the order dealing with alimony and his child's education. We affirm in part, reverse in part, and remand.

Prior to their divorce, the parties were married for over twenty-three years. During their marriage they adopted four children of whom only one, Michael, was a minor (age sixteen)

at the time of the hearing. The parties also operated a family business, a dental laboratory, during the marriage. This business is a corporation owned entirely by Mr. McKinney. As part of the property settlement, Mr. McKinney deeded his interest in the marital house to Mrs. McKinney in return for her interest in the business.

In an action in equity, as here involved, tried by the judge without a reference, on appeal this Court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *McSwain v. Holmes*, 269 S. C. 293, 237 S. E. (2d) 363 (1977).

The following factors are used in determining the amount of alimony to be awarded: (1) the financial condition or status of the husband; (2) the needs of the wife; (3) the health and ages of both parties; (4) each party's earning capacity; (5) the actual income of each party; (6) the individual contributions to the accumulation of their joint wealth; (7) the standard of living of both parties at the time of the divorce; (8) the duration of the marriage; (9) the conduct of the parties; and (10) any special circumstances making the award of lump sum alimony advisable. *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981); *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (S. C. App. 1983).

Shortly after the divorce, the parties agreed for Mrs. McKinney to operate the laboratory. The business did not do well under her management, and Mr. McKinney later resumed control. The laboratory is now profitable, and Mr. McKinney testified he was grossing approximately $1500 each month. He also receives certain fringe benefits, such as insurance, from the business.

During the marriage, Mrs. McKinney worked in the laboratory which prevented her from pursuing a career. She has only a high school education with some training in real estate and secretarial skills, but has no real marketable abilities; however, she is able to work. Mrs. McKinney had job prospects at the time of the hearing which would have provided her with a minimal salary. Both parties are in good health.

During their separation, but prior to the divorce, Mr. McKinney was paying $1,100 per month as combination alimony and child support. Based on the stated factors, $250 per month in alimony is reasonable. Mr. McKinney can afford that amount, and Mrs. McKinney is in need of it.

Without it, her standard of living will decline; she has been living on the proceeds from the sale of the marital home. The total amount of alimony and child support Mr. McKinney will now be paying ($550 per month) is one-half of what he was previously paying. We see no abuse of discretion by the trial judge in the amount of alimony awarded. *Bass v. Bass*, 272 S. C. 177, 249 S. E. (2d) 905 (1978).

The next issue for our consideration concerns the expenses for the college eduation of the parties' child, Michael. The trial judge ordered that Mr. McKinney shall be responsible for his college education.

Section 20-7-420(17) of the 1976 South Carolina Code of Laws, as amended, allows the Family Courts to make support orders continue beyond a child's majority where warranted by exceptional circumstances. The need for an education is an exceptional circumstance. *Dunnavant v. Dunnavant*, 278 S. C. 445, 298 S. E. (2d) 442 (1982).

Parental contributions toward a college education may be required if certain circumstances exist. Some, but not necessarily all, of these circumstances include: (1) the characteristics of the child indicate that he will benefit from college; (2) the child demonstrates the ability to do well, or at least make satisfactory grades; (3) the child cannot otherwise go to school; (4) the parent has the financial ability to pay for such an education. *Risinger v. Risinger*, 273 S. C. 36, 253 S. E. (2d) 652 (1979); *Kerr v. Kerr*, 278 S. C. 191, 293 S. E. (2d) 704 (1982); *Hughes v. Hughes*, _____ S. C. _____ , 313 S. E. (2d) 32 (S. C. App. 1984).

The trial judge found that Michael is a bright student, capable of performing well in college. However, he failed to make any findings on the financial ability of Mr. McKinney to put Michael through college nor did he consider whether Michael could otherwise attend college without his father's support. In addition, he failed to determine the amount of support Mr. McKinney should reasonably be required to pay towards Michael's college education. It is not sufficient to state, as the family court judge did in this case, that a parent will be responsible for the child's college education. The court should determine, on the basis of evidence, what the reasonable costs of the child's education will be. A definite and certain amount of educational support, but

not necessarily a dollar amount, can then be included in the order. Because the family court failed to make such a determination in this case, we remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

BELL and CURETON, JJ., concur.