22138

Jane G. RIGGIN, Appellant, v. George Thomas RIGGIN, Jr., Respondent.
(318 S. E. (2d) 117)

Supreme Court

*Eugene C. Griffith* of *Griffith, Mays, Foster & Kittrell,* Newberry, *for appellant.*

*John M. Rucker,* Newberry, *for respondent.*

Heard May 8, 1984.

Decided July 16, 1984.

GREGORY, Justice:

This is an action for divorce. Appellant Jane G. Riggin appeals from the awards of equitable distribution and alimony. We affirm the award of equitable distribution and reverse and remand for redetermination the award of alimony.

First, Mrs. Riggin contends the award of equitable distribution is inadequate. We disagree.

Mrs. Riggin was awarded title to a 1972 Dodge Wagon, all personal property, furniture, and appliances in the parties' Newberry home, and the parties' Newberry home. Mr. Riggin was awarded title to his pickup truck, his tools, all personal property and furniture given by his mother which were in the parties' Newberry home, and the parties' beach house in Horry County ($8,450.41 of the downpayment came from Mrs. Riggin's inheritance).

Mrs. Riggin asserts she is entitled to possession of both homes. The Newberry home is valued at $44,000.00, with a $1,500.00 mortgage. The beach house is valued at $40,000.00, with $16,000.00 mortgage.

We find no abuse of discretion on the part of the trial court in its determination of equitable distribution and affirm this issue.

Next, Mrs. Riggin contends the alimony award of $450.00 per month is inadequate. We agree.

Factors to be considered in determining the amount of alimony to be awarded include (1) the financial condition of the husband and the needs of the wife: (2) the age and health of the parties, their respective earning capacities, their individual wealth; (3) the wife's contribution to the accumulation of their joint wealth; (4) the conduct of the parties; (5) the respective necessities of the parties; (6) the standard of living of the wife at the time of the divorce; (7) the duration of the marriage; (8) the ability of the husband to pay alimony; and (9) the actual income of the parties. *Lide v. Lide,* 277 S. C. 155, 283 S. E. (2d) 832 (1981).

The parties were married twenty-eight years. Mrs. Riggin was granted a divorce on the ground of adultery. She was found to be free of any misconduct as contemplated under our divorce laws.

Three children were born of the marriage, all of whom are now emancipated. There are no extraordinary necessities of either party.

Both parties were fifty-one years of age and in good health at the time of the hearing. Mr. Riggin, a Newberry College professor, was earning a net monthly salary of $1,261.76 from his teaching position. He had further income for other work he performed on the side. The trial court made no finding as to Mr. Riggin's actual income from this outside work, but did

find he has an earning potential eight times that of the wife, who was teaching in a private school and earning a net monthly salary of $441.94 from that job. The trial court apparently based the award of alimony solely on Mr. Riggin's teaching salary, and did not include the outside income which could bring Mr. Riggin's earnings to eight times that of his wife.

The trial court found Mr. Riggin had assets which included $4,000.00 in a savings account; $40,000.00 in a retirement or pension fund (this being not subject to equitable distribution but a consideration in determining alimony), *see Carter v. Carter*, 277 S. C. 277, 286 S. E. (2d) 139 (1982); $1,000.00 in cash value of life insurance; and other property valued at $3,500.00.

The court found Mrs. Riggin had assets of approximately $33,000.00 of which $32,000.00 in a savings account was accumulated from her inheritance and her teaching salary.

Mrs. Riggin taught school for several years during the early part of their marriage while Mr. Riggin was in the Army. She reared three children and returned to teaching in a private school for the last eleven years of the marriage. Most of the money she earned was put into her savings account, and the family lived for the most part on Mr. Riggin's salary.

The court erred in failing to find and consider in determining the award of alimony Mr. Riggin's income from his outside work. Thus, we reverse and remand for redetermination the award of alimony.

Affirmed in part; reversed and remanded in part.

LITTLEJOHN, C. J., NESS and HARWELL, JJ., and RANDALL T. BELL, as Acting Associate Justice, concur.