22628

John H. SHERER, as Administrator of the Estate of Scott Middleton
Sherer, Respondent v. Charles A. JAMES, M.D., Petitioner.

(351 S. E. (2d) 148)

Supreme Court

*Charles E. Carpenter, Jr.,* and *Donald V. Richardson, III,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for petitioner.*

*O. Fayrell Furr, Jr.,* and *Charles E. Henshaw, Jr.,* Columbia, *for respondent.*

Heard June 3, 1986.

Decided Nov. 17, 1986.

NESS, Chief Justice:

We granted certiorari to review the decision of the Court of Appeals reported at 286 S. C. 304, 334 S. E. (2d) 283 (Ct. App. 1985). We reverse and reinstate the jury verdict in favor of petitioner James.

On a Wednesday evening, twelve-year-old Scott Sherer[1] developed abdominal pain after playing basketball. Scott's mother telephoned James, Scott's pediatrician, who attributed the pain to a pulled muscle and prescribed aspirin. Later that night, Scott's mother again telephoned James because Scott was nauseated and his pain had not diminished. James prescribed paregoric. Thursday morning, James called Scott's mother to inquire as to Scott's condition, which was unchanged. On Friday morning, one of Scott's testicles appeared swollen. Scott's mother took him to James' office, where James discovered torsion of Scott's testicle. James referred Scott to a urologist who surgically removed the testicle that day.

Scott brought suit against James, alleging negligence in the delay in diagnosing Scott's condition. At trial, an expert testified that, had the torsion been diagnosed Wednesday night, there would have been better than fifty percent chance of saving the testicle. Scott requested a jury charge which read:

---

[1] Scott died pending disposition of his appeal in the Court of Appeals. At oral argument, counsel for the parties agreed Scott's death was unrelated to the injuries which are the subject of this action.

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of another's person . . . is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if his failure to exercise such care increases the risk of such harm.

The trial judge denied the request, finding his general charge "covered it." After extended deliberations, during which the jury requested additional instructions several times, a verdict was returned in favor of James. Scott appealed, raising four issues.

The Court of Appeals reversed and remanded for a new trial. It held the requested charge was "a correct principle of law" and was embraced by the pleadings and proof. Scott had argued, and the Court of Appeals held, that the requested charge was critical to the issue of proximate cause in a medical malpractice case. The court reasoned that the failure to give the requested charge was prejudicial because causation was the "critical issue in the case." 334 S. E. (2d) at 285. In its order on rehearing, the Court of Appeals suggested the charge was a factor in defining a physician's standard of care rather than proximate cause. We granted certiorari to address this novel issue.[2]

The requested charge is taken essentially verbatim from RESTATEMENT [SECOND] OF TORTS Section 323(a) (1965). Traditionally, this section of the Restatement was read to define the scope of a defendant's duty to rescue. Cf., *Slater v. Illinois Central R.R. Company*, 209 F. 480 (M.D. Tenn. 1911). At common law, when there is no duty to act but an act is voluntarily undertaken, the actor assumes a duty to use due care. See, e.g., *Roundtree Villas Association, Inc. v. 4701 Kings Corporation*, 282 S. C. 415, 321 S. E. (2d) 46 (1984).

The application of Section 323(a) as a standard of proof for causation originated in *Hamil v. Bashline*, 224 Pa. Super. 407, 307 A. (2d) (1973). There, the

---

[2] The Court of Appeals first endorsed the "increased risk of harm" charge in *Clark v. Ross*, 284 S. C. 543, 328 S. E. (2d) 91 (Ct. App. 1985). Neither party sought certiorari in that case. This is our first opportunity to address the propriety of this charge in South Carolina.

Pennsylvania Superior Court held that when proof of a causal connection cannot meet the common law standard, a medical malpractice plaintiff must rely on Section 323, which allows the issue of proximate cause to reach the jury on a showing of increased risk. 307 A. (2d) at 62. The *Hamil* rule reduces the burden of proof to which a medical malpractice plaintiff is held at the directed verdict stage. In South Carolina, a medical malpractice plaintiff who relies upon expert testimony must introduce evidence that the defendant's negligence *most probably* resulted in the injuries alleged. *Armstrong v. Weiland*, 267 S. C. 12, 225 S. E. (2d) 851 (1976). A directed verdict for the defendant is appropriate where there is no evidence from which a jury could reasonably infer the defendant's negligence was a proximate cause of the plaintiff's injuries. *Hanselmann v. McCardle*, 275 S. C. 46, 267 S. E. (2d) 531 (1980).

The *Hamil* theory permits a plaintiff to reach the jury by introducing evidence that the defendant's negligence increased the risk of a particular harm. It eliminates the stricter burden of showing the defendant's negligence *most probably* caused the harm. Once past the directed verdict stage, the jury's standard for determining proximate cause is unaffected by the *Hamil* theory. *Increased Risk of Harm: A New Standard of Evidence of Causation in Medical Malpractice Cases*, 65 Boston Univ. L. Review 275 (1985).

The *Hamil* theory has been embraced in a number of jurisdictions as a factor in determining proximate cause in medical malpractice cases. See, e.g., *Aasheim v. Humberger*, 695 P. (2d) 824 (Mont. 1985); *Herskovits v. Group Health Cooperative of Puget Sound*, 99 Wash. (2d) 609, 664 P. (2d) 474 (1983); *Thornton v. CAMC, ETC.*, 305 S. E. (2d) 316 (W. Va. 1983); *Hernandez v. Clinica Pasteur, Inc.*, 293 So. (2d) 747 (Fla. Dist. Ct. App. 1974), overruled, *Gooding v. University Hospital Building, Inc.* 445 So. (2d) 1015 (Fla. 1984), and cases cited therein.

Other jurisdictions have construed Section 323(a) as relating to the element of duty rather than proximate cause. "Section 323(a) simply establishes a duty on one who undertakes to render services for the protection of another *to use due care* to avoid increasing the risk of harm." *Curry v. Summer*, 136 Ill. App. 468, 91 Ill. Dec. 365,

371, 483 N. E. (2d) 711, 717 (1985). We agree with this rationale. Therefore, we hold that even if Section 323(a) does apply in a medical malpractice case, it applies only to duty and not proximate cause.[3]

In its decision in this case and in *Clark v. Ross, supra,* ■ the Court of Appeals adopted the *Hamil* charge as it relates to proximate cause. In light of our holding that Section 323(a) prescribes a duty of care and is not related to the issue of proximate cause, the Court of Appeals' ruling is in error. Moreover, even if Section 323(a) could be construed as relating to proximate cause, we are unwilling to relax the plaintiff's burden of proof in a medical malpractice case. See *Hanselmann v. McCardle, supra.* A defendant physician is entitled to put the medical malpractice plaintiff to proof equally as stringent as that required of plaintiffs in other negligence actions.

We express no opinion on the propriety of a charge based on Section 323(a) as it relates to physician's *duty* of care. That issue was not decided by the Court of Appeals, and is therefore not before us on certiorari.

Because it reversed on this issue, the Court of Appeals did not reach the remaining exceptions raised by respondent on direct appeal. While remand to the Court of Appeals would be appropriate, *Boardman v. Lovett Enterprises, Inc.,* 287 S. C. 303, 338 S. E. (2d) 323 (1985), we have considered the remaining issues and find them to be without merit. The decision of the Court of Appeals is reversed and the jury verdict is reinstated.

Reversed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[3] Our Court of Appeals is among those courts which has recognized Section 323 as defining a defendant's duty to use due care. *Winburn v. Insurance Company of North America,* 287 S. C. 435, 339 S. E. (2d) 142 (Ct. App. 1985).