1091

Donna M. HICKMAN, Respondent v. Kenneth W. HICKMAN, Appellant.

(366 S. E. (2d) 21)

Court of Appeals

*Hans F. Paul,* North Charleston, *for appellant.*

*Henry T. Gaud,* Charleston, *for respondent.*

Heard Jan. 25, 1988.

Decided Feb. 22, 1988.

GOOLSBY, Judge:

In this domestic case, Kenneth W. Hickman appeals from the order of the family court granting his wife Donna M. Hickman separate support and maintenance and certain other relief in the nature of support. We affirm in part, reverse in part, and remand.

### I. Alimony

Mr. Hickman complains of the award to Mrs. Hickman of permanent, periodic alimony in the amount of $333.33 a month. He claims the trial court should have awarded Mrs. Hickman only rehabilitative alimony.

Although a court may award rehabilitative alimony, our Supreme Court has cautioned that "the record must demonstrate the self-sufficiency of the recipient at the expiration date of the ordered payments." *Herring v. Herring*, 286 S. C. 447, 451, 335 S. E. (2d) 366, 368 (1985). Here, the record does not show any likelihood that Mrs. Hickman after a given time during which rehabilitative alimony is paid would become any more self sufficient than she already is. *See Eagerton v. Eagerton*, 285 S. C. 279, 328 S. E. (2d) 912 (Ct. App. 1985) (among the factors to be considered in determining whether to award rehabilitative alimony is the likelihood that the recipient will have success in the job market).

The trial court committed no error, therefore, in awarding Mrs. Hickman permanent, periodic alimony instead of rehabilitative alimony.

## II. Security

Mr. Hickman next argues that the trial court abused its discretion in requiring him to secure the payment of permanent, periodic alimony with life insurance. The trial court's order directed Mr. Hickman "[to] continue ... in force the life insurance on his life with [Mrs. Hickman] named as beneficiary so long as he is obligated for support." Under the order, Mr. Hickman is obligated for both alimony and child support.

In South Carolina, a family court cannot require, absent special circumstances, a supporting spouse to obtain or maintain, solely as an incident of periodic support, a life insurance policy naming the dependent spouse as beneficiary. *Hardin v. Hardin*, 365 S. E. (2d) 34 (S. Ct. App. 1987). There are no special circumstances here that warrant security for the payment of alimony to Mrs. Hickman.

The trial court's order, therefore, is reversed to the extent that it requires Mr. Hickman to secure with life insurance the payment of permanent, periodic alimony to Mrs. Hickman.

## III. Child Support

Mr. Hickman further contends that the trial court abused its discretion in requiring him to pay an excessive amount as

child support each month and in failing to allocate the support payments among the parties' three children.

The trial court required Mr. Hickman to pay $666.67 a month in unallocated child support and required him to pay additional payments in the nature of child support for high school tuition for the two older children, for medical and hospitalization insurance for all three children, and for the children's medical, dental, orthodontic, and periodontal expenses not covered by insurance. The oldest child, a son, was expected to graduate from high school in the spring of 1987 and would reach his eighteenth birthday in October, 1987.

The amount to be awarded as child support is within the sound discretion of the trial court whose award thereof will not be disturbed on appeal absent a showing of an abuse of discretion. *Spires v. Higgins,* 271 S. C. 530, 248 S. E. (2d) 488 (1978). An abuse of discretion is never presumed and the burden of showing an abuse of discretion on the part of the trial court is on the complaining party. 67A C.J.S. *Parent & Child* § 88 at 438 (1978). In ascertaining the proper amount of child support, the court should consider the totality of the pertinent circumstances surrounding the case. *See Lee v. Lee,* 237 S. C. 532, 118 S. E. (2d) 171 (1961) (the court should consider all the circumstances of the case in fixing the amount of child support).

Mr. Hickman argues that the trial court failed to consider his "necessities and living expenses," one of several factors a court should weigh in determining the amount of child support. *Peebles v. Disher,* 279 S. C. 611, 310 S. E. (2d) 823 (Ct. App. 1983). Our reading of the trial court's order, however, does not leave us with this impression. The trial court expressly referred in its order to the financial declaration on which Mr. Hickman listed his various expenses and to the fact that Mr. Hickman was then living with his mother.

We note, moreover, that Mr. Hickman's financial declaration discloses that he enjoys a net monthly income of $2,870.56, that he contributes the sum of $315.22 each month to a pension plan, and that he has, aside from his one-half interest in the marital home, which the trial court valued at $69,316, assets worth $63,755. *Cf.* 67A C.J.S. *Parent & Child*

§ 51 at 329 (1978) (any and all assets at a parent's disposal may be considered).

The trial court, therefore, committed no abuse of discretion in determining the amount Mr. Hickman must pay each month in child support.

Regarding the failure of the trial court to allocate the child support among the parties' three children, we discern no abuse of discretion. To our knowledge, no rule exists requiring a court to allocate child support among dependent children not in the parent's custody. *Cf. Stroman v. Williams*, 291 S. C. 376, 353 S. E. (2d) 704 (Ct. App. 1987) (the emancipation of a minor child does not automatically affect the amount of support the noncustodial parent must pay for the support of another child or other children living with the custodial parent).

### IV. Education Expenses

Mr. Hickman also contends that the trial court abused its discretion in requiring him to pay for a portion of the college education expenses of his two sons.

As we noted above, the older son was to finish high school in the spring of 1987. The younger son was to finish three years later. The trial court ordered Mr. Hickman "[to] provide the necessary additional funds for [the older child] to complete his college education" and it ordered "that the same provisions ... apply to the younger son...."

We reverse the requirement that Mr. Hickman pay a portion of his two sons' college education expenses.

Concerning the older son, there are no findings by the trial court regarding his financial ability to attend college without Mr. Hickman's assistance, there are no findings regarding the availability of grants and loans, there are no findings regarding his ability to earn income during the school year and during vacation periods, and there are no findings regarding what the reasonable costs of his education will be. *Wagner v. Wagner*, 285 S. C. 430, 329 S. E. (2d) 788 (Ct. App. 1985); *McKinney v. McKinney*, 282 S. C. 96, 316 S. E. (2d) 728 (Ct. App. 1984); *Hughes v. Hughes*, 280 S. C. 388, 313 S. E. (2d) 32 (Ct. App. 1984).

Concerning the younger son, the requirement that Mr. Hickman pay a portion of his college expenses is premature at best, the boy being only a ninth grader at the time of the hearing. *Cf. Risinger v. Risinger,* 273 S. C. 36, 253 S. E. (2d) 652 (1979) (two factors to consider in determining whether a parent must assist a child with his or her college expenses are whether the child has demonstrated the ability to do well in college and whether the child will benefit from college).

We therefore remand for additional findings of fact the issue of whether Mr. Hickman should help pay for the college education expenses of his older son and, if so, how much. *Risinger v. Risinger, supra; Wagner v. Wagner, supra; McKinney v. McKinney, supra; Hughes v. Hughes, supra.*

The question of whether Mr. Hickman should assist the younger son with his college education expenses can be raised later when and if the younger son is ready for college.

## V. Marital Home

Mr. Hickman's remaining contentions center on the award of exclusive possession of the marital home to Mrs. Hickman and on the requirement that he pay certain expenses associated with the costs of maintaining the home while it is in Mrs. Hickman's exclusive possession.

### A. Exclusive Use of Marital Home

The trial court granted Mrs. Hickman exclusive use of the marital home "at least until July, 1991 at which time [the older son's] four-year college term should have ended ...". Mr. Hickman argues that this amounts to an award of the marital home to Mrs. Hickman for an indefinite period of time and that such an award is impermissible.

The question of whether to award one spouse exclusive possession of the marital home is one addressed to the sound discretion of the trial court whose judgment will not be disturbed on appeal unless an abuse of discretion is clearly shown. *See Smith v. Smith,* 280 S. C. 257, 312 S. E. (2d) 560 (Ct. App. 1984) (wherein the Court of Appeals found the trial court abused its discretion in granting the wife exclusive possession of the marital home).

We agree that the award of exclusive possession of the marital home to Mrs. Hickman was for an indefinite period of time, but that it was so does not invalidate the award or make it any less an incident of support. *See Whitfield v. Hanks,* 278 S. C. 165, 293 S. E. (2d) 314 (1982) (an award of exclusive possession of the marital home is not a division of property but is an incident of support only). An award of this kind often is for an indefinite period of time. *See e.g., Chastain v. Chastain,* 289 S. C. 281, 346 S. E. (2d) 33 (Ct. App. 1986) (wife awarded exclusive possession of marital home where parties' seven-year-old child suffered from Down's syndrome and had life expectancy of between 20 and 40 years). As an incident of support, it is subject to modification upon the showing of a change in circumstances despite its award for an indefinite term. *Whitfield v. Hanks, supra;* 27C C.J.S. *Divorce* § 594 at 126 (1986).

The trial court did not err, then, in awarding Mrs. Hickman the exclusive possession of the marital home for an indefinite period of time.

Mr. Hickman also argues that the award of exclusive possession of the marital home to Mrs. Hickman is improper because it "force[s]" Mr. Hickman "to contribute to Mrs. Hickman's equity" in the home. This argument, however, lacks merit. *See Herring v. Herring,* 286 S. C. 447, 335 S. E. (2d) 366 (1985) (wherein the Supreme Court upheld an award of exclusive possession of the marital home to the wife until the parties' minor child reached age 18 or the mortgage on the home was satisfied and required the husband to make the mortgage payments and to keep the home in proper repair during the period in question).

### B. Costs Associated with Home

Mr. Hickman argues that the trial court abused its discretion in ordering him to pay the mortgage payments, taxes, and insurance on the marital home and to make all necessary repairs to the home while it is in Mrs. Hickman's exclusive possession. These costs total approximately $526 a month and are in addition to the other sums that Mr. Hickman is otherwise required to pay each month in alimony and child support. He contends that these added amounts render excessive the total amount he must pay each month in support obligations.

Although the total sum that Mr. Hickman must pay each month for alimony and child support is admittedly high, we cannot say that it is excessive, considering all the circumstances and relevant factors. *See Riggin v. Riggin*, 282 S. C. 171, 318 S. E. (2d) 117 (1984) (listing the factors a court should consider in determining the amount of alimony to be awarded); *Peebles v. Disher, supra* (listing the factors a court should consider in determining the amount of child support to be awarded). Indeed, the amounts awarded as alimony and child support would be inadequate without this additional award in view of the needs of Mrs. Hickman and the children. *Cf. Jones v. Jones*, 281 S. C. 96, 314 S. E. (2d) 33 (Ct. App. 1984) (where requirement that husband pay taxes, insurance, and maintenance on marital home held to constitute error where alimony, child support, and equitable distribution awards otherwise adequate under the circumstances).

## C. Other Arguments

Mr. Hickman makes other arguments concerning the award of exclusive possession of the marital home to Mrs. Hickman and the requirement that he pay certain costs associated with maintaining the marital home; however, because these arguments were not preserved by proper exceptions, we do not consider them. *See Southern Region Industrial Realty, Inc. v. Timmerman*, 285 S. C. 142, 328 S. E. (2d) 128 (Ct. App. 1985) (the Court of Appeals will not consider a contention not raised by a proper exception).

Affirmed in part, reversed in part, and remanded.

SHAW and CURETON, JJ., concur.