1457

Robert M. GRAHAM, Appellant v. Joyce A. GRAHAM, Respondent.
(390 S. E. (2d) 469)

Court of Appeals

*Robert M. Rosenfeld,* Greenville, *for appellant.*

*William J. Barnes,* Greenville, *for respondent.*

Heard Jan. 17, 1990.

Decided Feb. 20, 1990.

GOOLSBY, Judge:

The family court granted a divorce to the appellant Robert M. Graham from the respondent Joyce A. Graham on the ground of one-year's separation. The issues on appeal are: (1) whether the family court erred in requiring Mr. Graham to pay the college expenses of the parties' nineteen-year-old son; (2) whether the family court properly determined the present liquidated value of Mr. Graham's Individual Retirement Account ("IRA") in apportioning the marital property; (3) whether the family court erred in awarding attorney fees to Mrs. Graham; and (4) whether the family court erred in sealing the record of the proceedings. We affirm in part, reverse in part, and remand.

## I. College Expenses.

Mr. Graham first complains about the family court's order requiring him to provide support for his son while his son attends college. *See* S. C. CODE ANN. § 20-7-420(17) (1976) (a family court may order support to run beyond a child's minority where there are exceptional circumstances that warrant it); *Risinger v. Risinger,* 273 S. C. 36, 253 S. E. (2d) 652 (1979) (listing the factors a family court should consider in awarding support to an emancipated child who attends college).

The family court ordered Mr. Graham "to pay the college expenses of his son at the College of Charleston." It later, however, expressly "superseded" its order, finding that the record contained "no testimony or evidence" supporting its conclusion that Mr. Graham should pay the college expenses of his son.

Because the order of supersedeas contains language suggesting that the family court both suspended and reversed the order requiring Mr. Graham to pay his son's college expenses, it is unclear to us whether the family court suspended the efficacy of its order or reversed it. *See* 4A C. J. S. *Appeal & Error* § 662 at 494-95 (1957) ("[T]he purpose ... of a supersedeas ... is to ... stay proceedings in the trial court, to preserve the status quo pending the determination of the appeal ..., and to preserve to appellant the fruits of a meritorious appeal where they might otherwise be lost to him."); *Id.* at 497 ("As a rule, a supersedeas ... does not reverse, annul, or undo what has already been done, or impair the force ... of the judgment, order, or decision of the trial court...."); 83 C. J. S. *Supersedeas* § 8 at 896 (1953) (a supersedeas suspends the judgment but does not annul the judgment itself). We therefore remand the issue to the family court for clarification. *See* 5B C. J. S. *Appeal & Error* § 1836a at 233 (1958) ("The reviewing court has power without determining ... the cause to remand it to the lower court for further proceedings, where the record is not in condition for the appellate court properly to decide the questions presented with justice to all parties concerned...."); *Id.* § 1836g at 239 ("[W]here the record is in a state to justify such action, the appellate court may remand the cause to the end that ... consistent findings of fact be made....").

On remand, the family court should detail its reasons for either granting Mr. Graham's son or withholding from him post-majority educational support and, in the event it orders such support, the family court should clearly delineate Mr. Graham's support responsibilities regarding his son's college education. *See Risinger v. Risinger, supra; McKinney v. McKinney,* 282 S. C. 96, 316 S. E. (2d) 728 (Ct. App. 1984) (the family court must determine from the evidence the reasonable cost of a college education when ordering a parent, subsequent to a divorce decree, to pay for an emancipated child's college education); *cf. Atkinson v. Atkinson,* 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983) (issues regarding alimony and equitable distribution, among others, remanded because of insufficient findings by the family court).

## II. IRA Account

Mr. Graham next complains about the method used by the family court to determine the present liquidated value of an IRA awarded him on distribution of the marital property.

The family court identified as marital property an IRA maintained by Mr. Graham with Merrill Lynch. The IRA, according to Mr. Graham's expert, a certified public accountant, had a face value of $70,724. The expert testified that a 10 percent penalty of $7,072 would be imposed for a withdrawal of all funds held in the IRA before Mr. Graham reached the age of 59½ years and that federal and state income taxes of $27,125 would also have to be paid in the event all funds were withdrawn and the account liquidated.

In dividing the marital property, the family court intended to effect an equal division between the parties and it assumed that the IRA in question would be fully liquidated upon apportionment of the marital property.

The family court determined the IRA's present liquidated value by deducting from its face value only the amount representing the penalty that would be imposed for an early withdrawal of all funds invested in the account. In so doing, the family court erred. The IRA's present liquidated value should have also reflected deductions for federal and state income taxes because they too must be paid if the account is to be immediately liquidated. *See Buche v. Buche,* 228 Neb. 624, 423 N. W. (2d) 488 (1988) (income taxes are a proper consideration in determining the present value of an IRA); 24 Am. Jur. (2d) *Divorce and Separation* § 949 at 937 (1983) (in assessing the present value to a party of a profit sharing plan, a trial court may properly consider the amount of federal and state taxes which the party would owe if immediate distribution of the account under the plan were to be made before the party's retirement); *cf.* S. C. CODE ANN. § 20-7-472(11) (Supp. 1988) ("In making apportionment, the court must give weight ... to ... the tax consequences to each or either party as a result of any particular form of equitable apportionment....").

We therefore remand the issue of equitable division for redetermination *de novo* on the present record. In redetermining the present liquidated value of the IRA, the family

court shall deduct from its face value both the penalty for early withdrawal and the amount of federal and state income taxes due upon the immediate liquidation of the whole account; and in redetermining the issue of equitable apportionment, the family court is not necessarily required to divide the assets either in the same way or in the same amounts as before.

### III. Attorney Fees

Mr. Graham's last complaint centers on the family court's award of attorney fees to Mrs. Graham in the amount of $2,650. He maintains that the award is erroneous because Mrs. Graham has sufficient assets to pay the fees herself. This contention is manifestly without merit. *Reid v. Reid*, 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984).

### IV. Sealing the Record

Regarding the issue of whether the family court erred in ordering the record sealed, Mrs. Graham agrees that this constituted error since neither party requested that the record be sealed. Moreover, the family court in its order of supersedeas seemingly reversed itself on this issue after finding that the record contained no evidence that warranted sealing of the record.

Affirmed in part, reversed in part, and remanded.

SANDERS, C. J., and SHAW, J., concur.