THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD 
 NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Linda C. Simpson, Employee,       
Respondent,
 
 
 

v.

 
 
 
Omnova Solutions, Inc., Employer, and Pacific Employers Insurance Company, 
 Carrier,        Appellants.
 
 
 

Appeal From Chester County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2004-UP-635
Submitted October 1, 2004  Filed December 
 16, 2004

AFFIRMED

 
 
 
W. Hugh McAngus, of Columbia, for Appellant.
William T. Toal and Luther J. Battiste, III, both of Columbia, for Respondent.
 
 
 

PER CURIAM:  The appellate panel of the Workers Compensation Commission 
 issued a default order pursuant to 25A S.C. Code Ann. Regs. 67-709 (2003) affirming 
 the single commissioners decision that Linda Simpsons claim against Omnova 
 Solutions, Inc. was compensable.  The order stated that upon inspection of the 
 vote sheets that two of the three panel members registered intent within 
 ten days [to vote] but did not officially vote by checking a vote category 
 . . . [and] there is no appropriate category for soliciting additional evidence 
 and holding issues in abeyance.  The circuit court affirmed, concluding the 
 appellate panel failed to register a vote on Simpsons claim within the time 
 prescribed by its own regulations and was therefore deemed to have affirmed 
 the decision of the single commissioner.  Omnova Solutions and its insurance 
 carrier, Pacific Employers Insurance Company, appeal.  
We affirm [1] pursuant to Rule 
 220(b)(2), SCACR, and the following authorities: 25A S.C. Code Ann. Regs. 67-709(C) 
 (2003) (The Commissioners reviewing a case may confer and shall vote within 
 ten days of the date of review.); 25A S.C. Code Ann. Regs. 67-709(F) (2003) 
 (If a Commissioner fails to register a vote within the periods referred to 
 above, the Commissioner is deemed to have registered a vote affirming the Hearing 
 Commissioner and may not vote otherwise.); Byerly v. Conner, 307 S.C. 
 441, 444, 415 S.E.2d 796, 799 (1992) (stating an appellate court will give a 
 regulations terms their plain and ordinary meaning and may not resort to a 
 forced interpretation to limit or expand the regulations operation); Goodman v. 
 City of Columbia, 318 S.C. 488, 491, 458 S.E.2d 531 (1995) (stating the 
 commissions decision interpreting its own regulations is given great deference); 
 Brown v. South Carolina Dept of Health & Envtl. Control, 348 S.C. 
 507, 560 S.E.2d 410 (2002) (recognizing the court generally gives deference 
 to an administrative agencys interpretation of an applicable statute or its 
 own regulation and will reject the agencys interpretation only when the plain 
 language of the statute is contrary to that interpretation).
AFFIRMED.
STILWELL, BEATTY, and WILLIAMS, JJ., concur.

 
 [1]         
 We decide this case without oral argument, pursuant to Rule 215, SCACR.