609 S.E.2d 524

**Regina SPRUILL, Appellant,**

v.

**RICHLAND COUNTY SCHOOL DISTRICT 2, Employer, and EBI Companies, Carrier, Respondents.**

No. 25942.

Supreme Court of South Carolina.

Heard Sept. 23, 2004.

Decided Feb. 22, 2005.

Rehearing Denied March 16, 2005.

John S. Nichols, of Bluestein & Nichols, L.L.C., and Preston F. McDaniel, of McDaniel & Johnson, both of Columbia, for Appellant.

W. Hugh McAngus, of McAngus Goudelock & Courie, L.L.C., of Columbia, for Respondents.

Justice PLEICONES:

This is a worker's compensation case. Appellant (Employee) contends the single commissioner erred in refusing to allow Employee to withdraw her Form 50 following the hearing. We affirm.

## FACTS

In December 1999, Employee obtained a report from Dr. Fechter. Employee believed Dr. Fechter's report found a link between Employee's disability and her workplace exposure to dust created by construction work. On January 3, 2000, Employee made Dr. Fechter's report available to respondents. When respondents sought to depose the doctor, they learned he was out of the country. Respondents requested relief. As a result, the hearing, which had been scheduled for January 13, was moved to January 17 by the hearing commissioner, who also ordered that the record would remain open to allow respondents to depose Dr. Fechter. No party objected to these rulings.

Dr. Fechter was deposed on January 28, 2000. In this deposition he 'clarified' his earlier report, opining that Employee's disability was the result of an idiopathic disease and not connected to her earlier exposure to dust and debris at her place of employment. In late April 2000, the single commissioner informed the parties of her decision to deny Employee's permanent disability claim. Several days later, Employee sought to withdraw her Form 50, relying upon 25A S.C. Regulation 67–609 (Supp.2003). The single commissioner denied this request, and her ruling was affirmed by the full commission and the circuit court. This appeal follows.

## ISSUE

Does Regulation 67–609 permit a claimant to withdraw her Form 50 at any time?

## ANALYSIS

■ Employee contends that Regulation 67–609 permits a claimant to withdraw her Form 50 "once as a matter of right with leave to renew" at any point in the proceeding. The commissioner held that a claimant could not withdraw her Form 50 after the hearing had been held and a decision rendered. We agree that Regulation 67–609 applies only where the request is made prior to the hearing.

Regulation 67–609 provides:

67–609.  Withdrawing a Request for Hearing.

A.  A claimant may withdraw a Form 50 or Form 52 once as a matter of right with leave to renew.

(1) A Form 50 or 52 may be withdrawn by writing the Commission's Judicial Department, if a hearing notice has not been issued, or, the Commissioner's office identified on the hearing notice.

(2) When a Form 50 or Form 52 is withdrawn, a notice removing the case from the docket will be filed in the Commission's record and a copy mailed to the parties in R. 67–210.

B.  The notice is without prejudice to the claimant's right to proceed with his or her claim.

(1) If the nature of the claim and the relief requested does not change, write the Judicial Department requesting the Form 50 or Form 52 be reset for hearing.

(2) If the nature of the claim or relief requested changes, file according to R. 67–207, a new Form 50 or Form 52 with the word "Amended" printed or typed boldly on the top of the form.

C.   Withdrawing a Form 50 or Form 52 the second time without good cause may operate as a voluntary dismissal of the claim when the form is withdrawn by a claimant who has once withdrawn a Form 50 or Form 52 based on the same set of facts, and, in the opinion of the Commissioner, the form is withdrawn merely for the purpose of delay.

D.   Withdrawing a Form 15 request for hearing waives the sixty day hearing requirement.  If the jurisdictional commissioner is unable to reschedule the case, the file will be returned to the Judicial Department to be reassigned.

■   The first sentence of Regulation 67–609(A), read in isolation, supports Employee's contention.  We do not, however, determine the meaning of a regulation by reading its component parts in isolation, but rather construe the regulation as a whole.  *See Byerly v. Connor,* 307 S.C. 441, 415 S.E.2d 796 (1992).

The purpose of the regulation is reflected in its title, Withdrawing a Request for a Hearing, and the text reflects this limited application.  Regulation 67–609(A)(1) requires the claimant to notify the Judicial Department if the withdrawal is made before the hearing notice has been issued: if made after the notice has been issued, then the withdrawal should be directed to the commissioner assigned to hear the case.  Regulation 67–609(B) provides that if the refiled claim and relief are unchanged, the claimant should simply request the matter "be reset for hearing."  If, however, the nature of the claim or relief changes, then the claimant must file an amended Form 50 and comply with Regulation 67–207, which outlines the procedures to be followed by a claimant requesting a hearing.  Regulation 67–609(B)(2).

Regulation 67–609 contemplates that the withdrawal request will be made prior to the hearing before the single commis-

sioner and provides the procedures for requesting a new hearing date. Nothing in this regulation supports Employee's assertion that she is entitled to withdraw her Form 50 at any point in the process.

Further, we traditionally defer to an executive agency's construction of its own regulation. Such a construction is "accorded most respectful consideration and will not be overturned absent compelling reasons." *E.g., Dorman v. South Carolina Dep't of Health and Enviro. Control,* 350 S.C. 159, 565 S.E.2d 119 (Ct.App.2002). Even if Regulation 67–609 were ambiguous, we would defer to the commission's interpretation since it reflects a sound policy decision not to permit disgruntled claimants a second "bite at the apple."

## CONCLUSION

Regulation 67–609 did not entitle Employee to withdraw her Form 50 following the single commissioner's hearing. The circuit court order, upholding the denial of Employee's request, is

AFFIRMED.[1]

MOORE, WALLER and BURNETT, JJ., concur.

TOAL, C.J., dissenting in a separate opinion.

Chief Justice TOAL dissenting:

I respectfully dissent. In my view, the circuit court erred in affirming the Workers' Compensation Commission's decision forbidding Employee from withdrawing her Form 50. Therefore, I would reverse the circuit court's decision and remand this case with instructions permitting the Employee to withdraw the form.

The majority holds that a Form 50 must be withdrawn before a hearing commences, or a claimant loses the right to withdraw the form. I do not agree with this holding because (1) it is not supported by the terms of the controlling regula-

---

1. We affirm the trial court's rulings on the remaining issues raised by Employee pursuant to Rule 220(b)(1), SCACR, and the following authority: *Pratt v. Morris Roofing, Inc.,* 357 S.C. 619, 594 S.E.2d 272 (2004).

tion and (2) it imposes even stricter requirements than those imposed by the Workers' Compensation Commission.

The controlling regulation provides that "[a] claimant may withdraw a Form 50 ... *once as a matter of right* with leave to renew." 25A S.C.Code Ann. Regs. 67–609(A) (Supp.2003) (emphasis added). Given its plain and ordinary meaning, this regulation, in my view, does not require that the Form 50 be withdrawn at any particular time in the proceeding. *See Byerly v. Connor*, 307 S.C. 441, 444, 415 S.E.2d 796, 799 (1992) ("The words of a regulation must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the regulations operation."). Had the appropriate rulemaking agency intended to impose the requirement established by the majority today—that a claimant must withdraw the form before the hearing commences—the agency would have done so.

In addition, the majority's holding imposes stricter limitations on the right to withdraw than those imposed by the Commission itself. In the case at hand, the Commission ruled that "[o]nce a hearing is convened, concluded, and a determination rendered, the claimant cannot withdraw the Form 50." This ruling, in my view, provides that a claimant may not withdraw the form *after a determination has been rendered*, not *before the hearing commences*, as the majority holds.

In the present case, a decision had yet to be rendered when Employee sought to withdraw the form. On May 8, 2000, Employee requested that the Form 50 be withdrawn. At that time, the Commission had merely written a letter asking the attorneys to draft an order. Attached to the letter were "notes" outlining the Commission's findings. The final order incorporating these findings was not signed until September 6, 2000.

Given these facts, it is my opinion that the letter and its accompanying notes do not constitute an order, and until an order has been issued, and the case removed from the docket, Employee had the right to withdraw the Form 50.