THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Dr. Robin
 Bowers, Appellant/Respondent,
v.
College of
 Charleston, Respondent/Appellant.
 
 
 

Appeal From the Administrative Law Court
 Marvin F. Kittrell, Chief Administrative
 Law Judge

Unpublished Opinion No. 2011-UP-569
Heard December 8, 2011  Filed December
 20, 2011  

AFFIRMED

 
 
 
Gregory Samuel Forman, of Charleston, for Appellant/Respondent.
Stephen L. Brown, Wilbur E. Johnson, and Russell G. Hines, all of
 Charleston, for Respondent/Appellant.
 
 
 

PER CURIAM:  In
 this cross-appeal, Appellant/Respondent Dr. Robin Bowers appeals from an order
 of the Administrative Law Court (the ALC) affirming Bowers' termination as a
 tenured professor at Respondent/Appellant College of Charleston (the College). 
 Bowers argues on appeal that the College denied him due process and there is no
 evidence to support the College's decision to terminate his employment.  On
 cross-appeal, the College argues the ALC erred by enforcing an automatic stay
 which required the College to pay Bowers' wages during the pendency of his
 appeal to the ALC.  We affirm.
1.  As to Bowers' argument that the College's grievance procedures
 denied him due process by placing an impermissible limitation on his counsel's
 participation, we find the issue unpreserved because Bowers did not object to
 the grievance procedures at either the prehearing conference or the hearing
 itself.  See Lee Cnty. Sch. Dist. Bd. of Trs. v. MLD Charter Sch.
 Acad. Planning Comm., 371 S.C. 561, 566, 641 S.E.2d 24, 27 (2007)
 ("[An appellate court] has a limited scope of review and cannot consider
 issues that were not raised to and ruled on by the administrative
 agency.").
2.  As to Bowers' argument that the complaints, text messages, and
 deposition were unreliable evidence and admitted upon an unlawful procedure, we
 find the issue unpreserved.  In regard to the complaints and text messages, we
 find the issue unpreserved because Bowers did not object to the admission of this
 evidence.  See Burke v. AnMed Health, 393 S.C. 48, 54, 710 S.E.2d
 84, 87 (Ct. App. 2011) (providing a contemporaneous objection to the admission
 of evidence is typically required to preserve issues for appellate review).  As
 to the deposition of Raven Ray, the hearing committee informed the parties at
 the beginning of the hearing that Ray did not feel comfortable testifying
 unless her attorney was present.  The committee stated it had no objection to
 Ray's attorney observing the proceedings, but it would only allow Ray's
 attorney to do so if both parties agreed.  Bowers objected, and therefore the
 committee decided it would not allow Ray's attorney to be present.  Later in
 the proceedings, Bowers objected to the admission of Ray's deposition into
 evidence.  The committee decided to admit the deposition, finding Bowers had an
 opportunity to question Ray by either agreeing to allow her attorney to observe
 the proceedings or by submitting counter affidavits.  Bowers' attorney
 responded by saying she was unaware at the time she objected to Ray's attorney
 being present that the alternative was the committee would allow Ray's
 deposition in as evidence and Bowers would not have an opportunity to
 cross-examine Ray.  The committee explained it lacked subpoena power and again offered
 Bowers the opportunity to have Ray testify in the presence of her attorney.  After
 Bowers and his attorney discussed the matter, Bowers' attorney told the
 committee Bowers did not wish to delay the proceedings any further by having
 Ray testify and they were ready to continue.  The committee then asked Bowers
 if he would prefer to have Ray's deposition admitted into evidence rather than
 have her testify in the presence of her attorney.  Bowers responded by
 restating his objection to Ray's attorney being present and stated he just
 wanted to move along with the proceedings because he did not believe he would
 get much out of having Ray testify.  Bowers' attorney then said to Bowers,
 "Sure, it's your case."  We find Bowers waived his prior objection to
 the admissibility of the deposition by deciding he wanted to move along the
 proceedings when the committee yet again presented Bowers the option and
 opportunity to have Ray testify.  See CFRE, LLC v. Greenville Cnty.
 Assessor, __ S.C. __, 716 S.E.2d 877, 885 (2011) (holding CFRE waived on
 appeal its claim that the trial court erred by not sanctioning property tax
 assessor for its failure to formally respond to CFRE's interrogatories and
 production requests, where the trial court offered to continue the proceedings
 and order a formal response from the assessor, but CFRE declined the court's
 invitation and agreed that a continuance would be unlikely to produce anything
 further).
3.  As to Bowers' argument that he was not required to preserve
 issues related to his right to counsel or evidentiary procedures, we find the
 exception to the general rule of error preservation noted in Ex parte
 Jackson, 381 S.C. 253, 672 S.E.2d 585 (Ct. App. 2009), is not applicable in
 this case because Bowers had counsel present and actively representing him at
 all times during the prehearing conference and the hearing itself.  See id. at 261 n.3, 672 S.E.2d at 589 n.3 (holding a pro se litigant could not be
 expected to raise the issue of whether he was entitled to counsel).
4.  As to Bowers' argument that the College denied him due process
 by not allowing him to confront Ray at the hearing, we find no error because Bowers'
 inability to cross-examine Ray was a result of his own conduct.  Ray agreed to appear
 and testify at the hearing so long as her attorney could be present.  Although
 the hearing committee explained to Bowers that Ray's attorney would be present
 in an observatory role only, Bowers did not agree to allow Ray's attorney to be
 present during her testimony.  Thus, Bowers' inability to cross-examine Ray was
 not a denial of due process.  See Zaman v. S.C. State Bd. of Med.
 Exam'rs, 305 S.C. 281, 285, 408 S.E.2d 213, 215 (1991) (holding a party
 cannot complain of a violation of due process if the party has recourse to a
 constitutionally sufficient administrative procedure, but merely fails to take
 advantage of it); In re Vora, 354 S.C. 590, 600, 582 S.E.2d 413, 418
 (2003) ("Due process is not violated where a party is not given the
 opportunity to confront witnesses so long as there has been a meaningful
 opportunity to be heard.").
5.  As to Bowers' argument that the record contains no evidence
 that his communications or actions towards Ray met the College's definition of
 "sexual harassment," we find Ray's deposition, Bowers' text messages
 to Ray, and the lyrics of the poem posted on the internet, all provided evidence
 from which the College could reasonably find Bowers in violation of the College's
 sexual harassment policy.  See Risher v. S.C. Dep't of Health &
 Envtl. Control, 393 S.C. 198, 210, 712 S.E.2d 428, 434 (2011) (holding
 "substantial evidence" sufficient to support a finding of the ALC is
 evidence which, considering the record as a whole, would allow reasonable minds
 to reach the conclusion that the administrative agency reached); Spruill v.
 Richland Cnty. Sch. Dist. 2, 363 S.C. 61, 65, 609 S.E.2d 524, 526 (2005)
 (providing the appellate court traditionally defers to an agency's construction
 of its own regulation and the appellate court will not overturn such construction
 absent compelling reasons); ESA Servs., LLC v. S.C. Dep't of Revenue, 392
 S.C. 11, 24, 707 S.E.2d 431, 438 (Ct. App. 2011) (holding a reviewing court may
 reverse or modify decisions that are controlled by error of law or are clearly
 erroneous in view of the substantial evidence on the record as a whole).[1]
6.  As to the College's argument that the ALC erred by enforcing
 an automatic stay pursuant to ALC Rule 34, we find no error because enforcement
 of the stay merely held Bowers in the same position that he was in prior to his
 termination, on suspension with pay, pending the final decision of the ALC.  See ALC Rule 34 ("The filing of an appeal from the final decision of an agency
 shall stay the final decision of that agency . . . ."); Santee Cooper
 Resort, Inc. v. S.C. Pub. Serv. Comm'n, 298 S.C. 179, 184, 379 S.E.2d 119,
 122 (1989) ("To stay an order is to hold it in abeyance or refrain from
 enforcing it; a stay is a stopping." (internal quotations omitted)); Graham
 v. Graham, 301 S.C. 128, 130, 390 S.E.2d 469, 470 (Ct. App. 1990) (holding
 the purpose of a stay is to preserve the status quo pending the determination
 on appeal).
 AFFIRMED.
 HUFF,
 PIEPER, and LOCKEMY, JJ., concur.  

[1] Because we find sufficient evidence to support the
 College's decision to terminate Bowers' employment for his violation of the
 College's sexual harassment policy, we need not address Bowers' remaining
 arguments regarding other grounds asserted by the College as justification for
 its decision.  See Futch v. McAllister Towing of Georgetown, Inc.,
 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need
 not address remaining issues when disposition of prior issue is dispositive).